**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In re: ) | |
| ) | |
| **GLYN NEAL OWEN,** ) | **Case #25-11132-KHK** |
| ) | **(Chapter 11)** |
| Debtor-In-Possession. ) | |
| ———————————————————————— ) | |

**<u>OBJECTION TO MOTION TO EXTEND AUTOMATIC STAY</u>**

CGH Technologies, Inc. ("CGH"), a creditor in the above-captioned case, by counsel,

hereby objects to the Debtor's Motion To Extend Automatic Stay (Doc 11) (the "Motion") that

he filed in this case on June 5, 2025, on the grounds set forth herein.

<u>Background</u>

The Debtor commenced this case by filing a voluntary petition under Chapter 13 of the

Bankruptcy Code on June 4, 2025. Because the Debtor was previously in bankruptcy in this court

within the last year in a Chapter 13 case that was dismissed on October 22, 2024, the automatic

stay under § 362(a) would automatically terminate in this case on July 4, 2025 unless the Court

extends the stay on a finding that this case was filed "in good faith." 11 U.S.C. § 362(c)(3)(A) &

(B). The Motion represents the Debtor's request to have the stay so extended.

Under § 362(c)(3)(C), this case is presumptively filed not in good faith, and the Debtor

would have to rebut such presumption by clear and convincing evidence. The presumption arises

because, as explained in footnote 1 below, there has not been any substantial change in the

financial or personal affairs of the Debtor since his previous case was dismissed to conclude that

this case might result in a confirmed plan that will be fully performed. § 362(c)(3)(C)(i)(III)(bb).

With the addition of a substantial debt in favor of his wife, <u>see</u> ¶ 2(C) below, the change in the

Debtor's financial circumstances is for the worse. In fact, the defects in the Chapter 13 case that

resulted in CGH's motion to dismiss that case, <u>see</u> ¶ 1 below, still pertain.

<u>Argument</u>

A number of indicia demonstrate that this case was not filed in good faith, and the Debtor

cannot demonstrate otherwise, particularly under the heightened burden of proof required by

§ 362(c)(3)(C). Those indicia include:

1. The Motion represents that the prior Chapter 13 case was dismissed because

"the Debtor was determined to be ineligible to be a debtor under Chapter 13 due to exceeding the

debt limits." Doc 11 at ¶ 2. This representation is false. The Chapter 13 case was filed on May

13, 2024, at which time the debt ceiling for Chapter 13 eligibility was $2,750,000 such that the

Debtor was fully eligible. The Chapter 13 case was dismissed because the Debtor chose not to

file an amended plan after his prior plan was denied confirmation. The Debtor made this choice

in the face of objections that CGH had raised against his two prior plans, both of which

challenged the Debtor's good faith in proposing such plans. Moreover, the case was dismissed on

October 22, 2024, in the face of CGH's then-pending motion to dismiss the case on grounds *inter*

*alia* of lack of good faith (Doc 35 in Case #24-10897-BFK), which motion to dismiss had been

scheduled for a hearing to occur on November 21, 2024. Obviously the Debtor allowed the

Chapter 13 case to be dismissed to avoid a hearing where he would be required to defend his

good faith, so it is ironic that he avows his good faith here after misrepresenting the cause of the

prior dismissal.

2. Even a cursory review of the Debtor's completion schedules and statements in

this case (Doc 26) compared to his schedules and statements in the Chapter 13 case (Doc 1 and

Doc 21 in #24-10897) reveals false disclosures and omissions, proving that the Debtor's lack of

good faith has continued into the present case. For example:

       A. The Debtor claimed a reduction of some $140,000 in the value of his home over the last year.

       B. The Debtor claimed a reduction of $25,000 (representing 1/3 of the value) of his North Carolina property over the last year.

       C. The Debtor created a debt in favor of his wife in the amount of $222,600 that did not exist in his Chapter 13 case.[1]

       D. The Debtor parted with his only vehicle, a 2014 Lincoln MKZ, but there was no transfer or other apparent disposition of same.

       E. The Debtor claims no beneficial interest in his deceased father's trust. This omission is consistent with his testimony under oath at the creditors' meeting in the Chapter 13 case. See Exh. 1 (Tr. at 7 line 22 to 8 at line 21). This testimony and the nondisclosure in this case appear to be false. See Exh. 2 (Special warranty deed with attached trust document).

       F. When CGH's counsel inquired at the Chapter 13 creditors' meeting about the Debtor's apparently fraudulent transfer of his North Carolina property to joint ownership with his wife, the Debtor testified that it was done pursuant to a prenuptial agreement. See Exh. 1 (Tr. at 4 line 13 to 7 line 10). The Debtor's Schedule G in this case, which requires the disclosure of executory contracts, does not reference the existence of any prenuptial agreement.

       3. This case represents what is effectively a 2-party dispute between CGH and the Debtor. CGH is secured as a judgment-lien creditor with a claim in excess of $1 million. At the

---

[1] This fact completely negates the Debtor's argument in the Motion that "many of his smaller debts have been paid," Doc 11 at ¶ 4, such that a material change in the Debtor's financial circumstances should prevent a presumption that this case was not filed in good faith.

time this case was filed, CGH had collection actions pending against the Debtor for garnishment

of his wages and various financial accounts, a commissioner-led sale of his residence, and the

avoidance of the fraudulent conveyance of his North Carolina property from himself to joint

ownership with his wife. This serially filed case is purely an attempt by the Debtor to thwart

CGH's legitimate collection aims. The claims of the other (non-insider) creditors are negligible.

Even if this Court were to extend the stay at the Debtor's request, it should not be

extended to matters to which the stay is inapplicable in the first place. In particular, Virginia

Code § 8.01-516.1(A) provides that a garnishee may become directly liable to a judgment

creditor for its failure to comply with a garnishment order. CGH currently has pending a motion

for entry of judgment against Bank of America, Exh. 3, and a show cause order against The

Prudential Insurance Company, Exh. 4, pursuant to which it is pursuing such direct recourse.

Because those matters lie directly between CGH and the garnishees, the automatic stay is

inapplicable to them. Any order that extends the stay in this case should so state.

WHEREFORE, CGH Technologies, Inc. requests that this Court deny the Motion and

grant such other and further relief as it deems just and appropriate.

CGH TECHNOLOGIES, INC.
By counsel


 /s/Steven B. Ramsdell
Steven B. Ramsdell, VA Bar #33222
Tyler, Bartl & Ramsdell, P.L.C.
300 N. Washington St., Suite 310
Alexandria, VA 22314
(703) 549-5003

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing Objection was served on this <u>26</u>th day of June, 2025 on all parties registered to receive service through the Court's ECF system.

<u>/s/Steven B. Ramsdell</u>
Steven B. Ramsdell