```
FOR REGISTRATION REGISTER OF DEEDS
         Judy D. Martin
         Moore County, NC
   October 13, 2014  02:39:12 PM
       Book 4408 Page 577-589
              FEE: $26.00
       INSTRUMENT # 2014012262
```





INSTRUMENT # 2014012262

# NORTH CAROLINA SPECIAL WARRANTY DEED OF DISTRIBUTION

DRAFTED BY:
D.T. SCARBOROUGH III, ATTORNEY AT LAW
PO BOX 1669
PINEHURST, NC 28370

BRIEF DESCRIPTION FOR INDEX

1/2 int Lot 1902+

THIS DEED OF DISTRIBUTION made this 8th day of October, 2014, by and between, **Margaret Rose Owen**, in her dual capacities as Personal Representative of the Estate of John Charles Owen and as Successor Trustee of the John Charles Owen Trust, John Charles Owen, Trustee, U/A Dtd. December 31, 2003 as Completely Restated July 30, 2013 (hereafter "Grantor"), and **Margaret Rose Owen** (hereafter "Grantee"), of 170 Cherokee Road, Pinehurst, NC 28374.

## WITNESSETH:

Whereas, John Charles Owen died April 27, 2013 owning a one-half undivided interest in the property hereafter described; his Will probated in common form [Moore County File No. 13-E-605]; and his surviving spouse, Margaret Rose Owen, appointed, qualified and is duly acting as his Personal Representative; and

Whereas, under Article V of the Will, the decedent's undivided interest in the property hereafter described was devised to the Trustee acting under the declaration of trust previously executed by the decedent on December 31, 2002, as amended on September 20, 2006 and January 10, 2013; which the Successor Trustee hereby certifies was completely Restated on July 30, 2013, a certified copy of which is attached hereto; and

Whereas, according to IV. of the Trust, the Trust was to terminate upon the death of John Charles Owen and all assets be distributed to his surviving spouse, Margaret Rose Owen, the Grantee herein, provided she did not disclaim any interest and the Grantee hereby executes this conveyance in her individual capacity as Grantee to confirm that no such interest has been disclaimed.

-Page 1-

EXHIBIT 2

The Grantor, in confirmation of the provisions of the Will and Trust and other valuable consideration paid by the Grantee, the receipt and sufficiency of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee a one-half undivided interest in the following described property in the Village of Pinehurst, Mineral Springs Township, Moore County, North Carolina and more particularly described as follows:

Lot No. 1901 together with certain portions of Lot Nos. 1902 and 1920 as more particularly described in Book 2469 Page 394, the description of which is incorporated herein by reference.

**TO HAVE AND TO HOLD** the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee, that Grantor has done nothing to impair such title as Grantor received, and Grantor will warrant and defend the title against the lawful claims of all persons claiming by, under or through Grantor, except for any exceptions noted herein.

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

**IN WITNESS WHEREOF**, the Grantor has hereunto set his hand and seal, adopting the designation (SEAL) as its own, the day and year first above written.

Estate of John Charles Owen

_Margaret R. Owen_ (SEAL)
By: Margaret Rose Owen, Personal Representative

The John Charles Owen Trust, John Charles Owen, Trustee, U/A Dtd. December 31, 2003 as Completely Restated July 30, 2013

_Margaret Rose Owen_ (SEAL)
By: Margaret Rose Owen, Successor Trustee

_Margaret Rose Owen_ (SEAL)
Margaret Rose Owen, Grantee


☑   Check this box if the property described herein contains the primary residence of the decedent, John Charles Owen.

-Page 2-

## NOTARY'S ACKNOWLEDGMENT

NORTH CAROLINA __MOORE__ COUNTY

I, Notary Public of the County and State aforesaid, certify that Margaret Rose Owen, Grantor in two capacities and Grantee in one, personally appeared before me this day and acknowledged the execution of the foregoing instrument for the purposes therein expressed, and in the capacities indicated. Witness my hand and official stamp or seal, this __13th__ day of __October__, 20__14__.

My commission expires: __4/8/2017__

__Deborah A. Duerring__
Notary Public

*[Notary seal: DEBORAH A DUERRING, NOTARY PUBLIC, MOORE COUNTY, NC]*

-Page 3-

*Attachment to NC Special Warranty Deed Distribution*

## TRUST CERTIFICATION

The undersigned, Mark D. Vaughn as attorney for the John Charles Owen Trust u/a dated December 31, 2003, as completely restated on January 30, 2013 ("the Trust"), do hereby certify the following:

1. I have compared the attached copy of the Trust with the original provisions of said Trust and such copy is a true and correct copy of the original provisions of the Trust.

2. The John Charles Owen Trust u/a dated December 31, 2003, as completely restated on January 30, 2013, is still in effect and Margaret Rose Owen is currently serving as Trustee.

This _13th_ day of October, 2014.

_____
Mark D. Vaughn, Attorney for the John Charles Owen Trust u/a dated December 31, 2003, as completely restated on January 30, 2013

CLARKE, PHIFER, VAUGHN, BRENNER & McNEILL, PLLC
ATTORNEYS AT LAW
135 APPLECROSS ROAD
PINEHURST, NORTH CAROLINA 28374

**ORIGINAL**

OwenJo5mdv

STATE OF NORTH CAROLINA

COUNTY OF MOORE

JOHN CHARLES OWEN
THIRD AMENDMENT AND
COMPLETE RESTATEMENT OF TRUST

On December 31, 2003, I, JOHN CHARLES OWEN, signed a trust instrument with myself as Trustee. Article II provides that I may from time to time amend or revoke the trust instrument in whole or in part by signed instruments delivered to the Trustee during my life.

I now desire to exercise my right of amendment and amend the trust instrument by restating it so that in its entirety it shall read as follows:

I.   Trust Name.  This instrument, and the initial trust hereby evidenced, as from time to time amended, may be designated as set out in this Article or a similar caption:

JOHN CHARLES OWEN TRUST
JOHN CHARLES OWEN, TRUSTEE
U/A DTD December 31, 2003, as Completely
Restated January 30, 2013.

II.   Reservation of Rights.  I shall have the right from time to time hereafter to add to the trust estate hereby created, by will or otherwise, other property acceptable to the Trustee. I reserve the right to alter, amend or revoke this agreement in whole or in part at such time as I may see fit by written instrument delivered to the Trustee (or, if I am serving as the initial Trustee, by written instrument filed with the trust records). Upon my death, this trust and all trusts established hereunder shall become irrevocable.

III.   Payments During Grantor's Life.  I, as Trustee, shall receive, hold, manage and invest any and all property received hereunder and shall pay to or for my benefit during my lifetime such amounts of income and principal as I may from time to time request and such additional amounts of income and principal as I or a successor Trustee may, in the case of my incapacity or resignation, from time to time deem necessary or advisable for my comfort, maintenance, support and pleasures. Any income not so paid shall be accumulated and annually or more often, if convenient, added to principal and invested.

IV.   Trust Disposition After Grantor's Death -- Spouse Surviving.  Upon my death, if my spouse survives me, the trust shall terminate and be distributed outright to my spouse, MARGARET ROSE OWEN. However, if my spouse disclaims the right to receive all or any part of the trust estate,

[1]

Case 25-11132-KHK    Doc 29-2    Filed 06/26/25    Entered 06/26/25 15:22:56    Desc
Exhibit(s) Deed with attached Trust    Page 6 of 13

BOOK4408 - PAGE582

that portion of the trust estate to which such disclaimer pertains shall be held in a trust referred to as the "JOHN CHARLES OWEN FAMILY TRUST" and disposed of as follows:

1. During the lifetime of my spouse, the net income derived from the trust estate shall be paid over to my spouse, MARGARET ROSE OWEN, or applied for her benefit in monthly or quarterly installments. The Trustee may at any time pay to or for the benefit of my spouse so much of the principal, whether the whole or in a lesser amount, as the Trustee may in the Trustee's discretion determine to be necessary for my spouse's health, support in reasonable comfort, or maintenance. Should my spouse be serving as Trustee and should this power in the Trustee to make distributions of principal to herself as beneficiary need to be exercised, then, in that event, my alternatively named fiduciary shall become Co-Trustee at that time and alone exercise discretion as to principal invasion, and serve only for the duration of time required to exercise such discretion.

2. Upon my spouse's death, the trust shall terminate and be distributed as follows: (i) any interests in Owen and Owen, LLP (or its successor entity) and Boaz Publishing, Inc. d/b/a Stafford Printing (or its successor entity) to my following children, in equal shares: MEGAN JOANNE MURPHY, GWYNETH MARGARET OWEN-CROW, GARETH DAVID OWEN and GLYN NEAL OWEN; and (ii) the balance to all my children, in equal shares, subject to Article VI below. If a child shall not then be living, such deceased child's share shall go to such child's issue, per stirpes, or if there are none, to my issue, per stirpes, subject to Article VI below.

I have provided for this Family Trust solely to allow my estate to have the benefit of the federal estate tax applicable credit amount if my spouse survives me. If during my spouse's life if my spouse survives me there should appear to be no tax benefit to be gained by the continued existence of this trust (for example, if there were no longer a federal estate tax or if the federal estate tax were unlikely to affect my spouse's estate), I anticipate that the beneficiaries would seek to modify or terminate this trust. My intent is that this trust is primarily for the benefit and security of my spouse. To that end, any such modification or termination should be accomplished in a manner that respects that intent.

V. <u>Spouse Not Surviving</u>. Upon my death if my spouse does not survive me, the trust shall terminate and be distributed as follows: (i) any interests in Owen and Owen, LLP (or its successor entity) and Boaz Publishing, Inc. d/b/a Stafford Printing (or its successor entity) to my following children, in equal shares: MEGAN JOANNE MURPHY, GWYNETH MARGARET OWEN-CROW, GARETH DAVID OWEN and GLYN NEAL OWEN; and (ii) the balance to all my children, in equal shares, subject to Article VI below. If a child shall not survive me, the deceased child's share shall go to such child's issue, per stirpes, or if there are none, to my issue, per stirpes, subject to Article VI below.

VI. <u>Discretionary Trusts for Children and Their Issue</u>. Any share distributable to a child or issue of mine shall be administered in trust as follows:

[2]

1. During the lifetime of the beneficiary, the Trustee may at any time pay to or for the benefit of the beneficiary so much of the net income and principal, whether the whole or in a lesser amount, as the Trustee may in the Trustee's sole discretion determine to be necessary for the beneficiary's health, support in reasonable comfort, or maintenance. Notwithstanding anything in the foregoing to the contrary, the Trustee may refuse to make any distributions to the beneficiary for any reason, or for no reason. It is the intent of the Grantor that this trust shall be construed as a "Discretionary Trust" as defined in Section 36C-5-504 of the General Statutes of North Carolina, wherein the amount to be received by the beneficiary, including whether or not he or she is to receive anything at all, is in the sole discretion of the Trustee. If it becomes necessary to interpret any provision of this trust, it is specifically intended by the Grantor that the trust does not create any rights in the beneficiary. Furthermore, any discretionary distributions from the trust which may be made for the benefit of the beneficiary shall not be subject to assignment, alienation, pledge, attachment or claims or creditors, including the federal government, the State of North Carolina, or a subdivision thereof.

2. The beneficiary shall have the right to withdraw the following portions of the trust at the following ages: one-half (1/2) at twenty-five (25) and the balance at age thirty (30). If the beneficiary does not exercise such withdrawal right then the trust assets subject to the withdrawal right shall remain in the trust to be administered as set forth in paragraph 1 above. However, the withdrawal right over such portion shall continue and may be exercised by the beneficiary at any time.

3. Upon the beneficiary's death, any remaining trust assets shall be distributed to such appointees, whether outright or in trust, among the beneficiary's issue, my issue and the creditors of the beneficiary's estate, as the beneficiary appoints by his or her will making specific reference to this power of appointment. To the extent this general power of appointment is not exercised, such unappointed portion shall be distributed to the beneficiary's issue, per stirpes, or if none to my issue, per stirpes, subject to the terms of this Article.

VII. **Options to Purchase Business Interests.** If any interest in Boaz Publishing, Inc. d/b/a Stafford Printing (or its successor business entity) is held as assets of any trust hereunder upon the last to die of me and my spouse, and if my son, HOWARD CHARLES OWEN, is then living and has an interest in such business entity or entities, then HOWARD shall have the option to purchase such interests as follows:

1. It is my intent that HOWARD shall have an opportunity to purchase from the trust any interest in Boaz Publishing, Inc. stock (or its successor business entity) based on an agreement between all my children concerning the purchase amount. I would anticipate that they would consider capitalization of earnings, equipment value, inventory value and accounts receivable.

2. The option set forth above must be exercised within one year from the date of the last to die of me and my spouse.

[3]

3. The purchase option must be exercised in cash, and the cash funds from the purchase shall be distributed from the trust to my children, MEGAN JOANNE MURPHY, GWYNETH MARGARET OWEN-CROW, GARETH DAVID OWEN and GLYN NEAL OWEN, in equal shares, subject to Article VI. However, if a child is not then living, such deceased child's share shall go to such child's issue, per stirpes, subject to Article VI.

VIII. Business Operations While Options Not Exercised. If a business interest in Boaz Publishing, Inc. (or its successor) is not exercised then such interest shall be distributed pursuant to the relevant terms of this trust agreement. However, pending the distribution of such interest, or pending the option period before its exercise, it is my desire that business operations continue with minimal disruption but in a manner which ensures fairness to my beneficiaries. Therefore, during such period, the following shall apply to any such business interest:

1. HOWARD CHARLES OWEN shall have authority to oversee the daily or routine business operations.

2. The following shall require consent of the Trustees:
   (a) capital expenditures in excess of twenty-five thousand dollars ($25,000.00);
   (b) any dividend policies or decisions;
   (c) any salary or other compensation increases in excess of three percent (3%) over the previous year; and
   (d) a sale of such business interest.

IX. Powers of Trustee. It is my intention that the Trustee shall have all the powers and authority conferred upon the Trustee by the North Carolina Uniform Trust Code, Chapter 36C of the General Statutes of North Carolina as well as any other powers conferred by law or elsewhere in this trust instrument, including, without limitation, the authority to invest trust property subject to the prudent investor rule. To the extent that they may not be conferred by law, I grant to the Trustee the following discretionary powers which may be exercised without court order for any purpose that the Trustee deems advisable:

A. Distributions to or for the Benefit of a Beneficiary. Whenever authorized or directed to distribute property to a beneficiary, whether or not under a legal disability, the Trustee shall have the power to distribute such property, unless otherwise directed, (i) directly to such beneficiary, including the transfer of property into such beneficiary's name as by depositing cash or registering securities in his or her name, (ii) to a custodian or custodial trustee for such beneficiary under a uniform gifts or transfers to minors act or uniform custodial trust act, including a custodian or custodial trustee designated by a fiduciary, which may be the fiduciary, (iii) to the guardian or conservator of such beneficiary's estate, or (iv) to any other person, firm or institution for the benefit of such beneficiary, and the receipt of any of the foregoing shall constitute a full acquittance of the Trustee to the extent of the distribution so made.

B.   <u>Retention and Acquisition of Bank Securities</u>. The power to (i) retain for any period or periods of time securities forming part of the trust which are securities of any corporate Trustee acting under this trust instrument or any corporation owning stock of the corporate Trustee or of any subsidiary or affiliate of or successor to such corporation, and (ii) acquire such securities by purchase, exchange or otherwise.

C.   <u>Credits to or Charges Against Income and Principal</u>. The power to (i) determine the manner in which any items should be credited or charged to or between income and principal, and (ii) charge or not charge against income a reasonable allowance for depreciation of property, even if the exercise of such powers produces a result different from a result required or permitted by the Uniform Principal and Income Act, Chapter 37A of the General Statutes of North Carolina, except that a Trustee shall have the power to allocate receipts and expenses between income and principal in his or her favor only if there is no other Trustee who may make such allocation, and, in that event, such power to allocate must be exercised as provided by law.

D.   <u>Combination and Division of Trusts</u>. The power granted in Section 36C-4-417 of the General Statutes of North Carolina to combine and divide trusts without notice to the qualified beneficiaries.

E.   <u>Divisions or Distributions</u>. The power to make divisions or distributions in money or in kind or partly in each, pro rata or non-pro rata, whenever required or permitted to divide or distribute all or part of my Trust; in dividing or distributing any asset of my Trust that is income in respect of a decedent, my Trustee may take into account the income tax liability associated with the asset, both to minimize the income tax on my Trust and the beneficiary and to consider the after-tax amount received by my beneficiary; and, in making any such divisions or distributions, the judgment of my Trustee in the selection and valuation of the assets to be divided or distributed shall be binding and conclusive.

F.   <u>Real Property</u>. The power to permit any person having any interest in the income of any trust created hereunder to occupy any real property forming part of such trust upon such terms as my Trustee shall deem proper, whether rent free, or in consideration of the payment of taxes, insurance, maintenance and ordinary repairs, or otherwise.

G.   <u>Retirement Accounts</u>. If any trust created hereunder is the beneficiary of any qualified employment benefit plan, including pension, profit sharing, individual retirement account, 401(k), or similar arrangement, then the Trustee shall provide a copy of this trust agreement to the administrator of such plan. Further, the Trustee shall have the power to direct the account balance as of my death be distributed to the trust in such manner that the minimum annual amount of such distributions shall be the greater of (a) the amounts needed to comply with Sections 408(a)(6), 401(a)(9), and related sections of the Internal Revenue Code pertaining to minimum distribution rule requirements for qualified plan benefits, or (b) all income earned by the plan in such year. The Trustee shall allocate to income that portion of all distributions made during the annual period equal to the income earned by the plan for such annual period. If distributions from the plan for any annual period total less than the income

[5]

earned by the plan for such annual period, the Trustee shall demand additional distributions from the plan so that all distributions for that period equal at least the income earned by the plan for such annual period.

X. **Payment of Bequests, Taxes and Expenses.** If my Personal Representative shall request sums for the payment in whole or in part of my bequests and devises, debts, administration and funeral expenses, estate, inheritance and similar taxes the Trustee shall either (i) pay such obligations directly, or (ii) distribute an amount requested by my Personal Representative to satisfy such obligations.

Notwithstanding any other provision hereof, except as provided in this paragraph, the Trustee may not, on or after September 30 of the calendar year following the calendar year in which my death occurs, or on or after such earlier date as shall be established by IRS regulations or other guidance as the final date for determining whether this trust meets the requirements for treatment of the trust's beneficiaries as if they had been named directly as beneficiary of any retirement plan payable to this trust (the "Designation Date"), distribute to or for the benefit of my estate, any charity or any other non-individual beneficiary any retirement benefit payable to this trust under any qualified retirement plan, individual retirement account or other retirement arrangement subject to the "minimum distribution rules" of §401(a)(9) of the Internal Revenue Code, or other comparable provisions of law. It is my intent that all such retirement benefits held by or payable to this trust on or after the Designation Date be distributed to or held for only individual beneficiaries, within the meaning of §401(a)(9) and applicable regulations. Accordingly, I direct that such benefits may not be used or applied on or after the Designation Date for payment of my debts, taxes, expenses of administration or other claims against my estate; nor for payment of estate, inheritance or similar transfer taxes due on account of my death. This paragraph shall not apply to any bequest or expense which is specifically directed to be funded with retirement benefits by other provisions of this instrument.

XI. **Successor Trustees.** Upon my death, resignation, or incapacity as initial Trustee, my spouse, MARGARET ROSE OWEN, shall serve as successor Trustee. Should she fail to become successor Trustee for any reason or cease to act in that capacity, my son, GLYN NEAL OWEN, shall serve as successor Trustee in her stead. Should he fail to become successor Trustee for any reason or cease to act in that capacity, my son, GARETH DAVID OWEN, shall serve as successor Trustee in his stead. Should he fail to become successor Trustee for any reason or cease to act in that capacity, my daughter, GWYNETH MARGARET OWEN-CROW, shall serve as successor Trustee in his stead. In addition, the acting Trustee shall have the authority to designate additional successor Trustee(s) or Co-Trustee(s) to serve if those I designated are unable or unwilling to serve, and such additional Trustee(s) may be individual(s) or a corporate fiduciary authorized to serve hereunder. As used herein, the term "Trustee" shall be deemed to include the plural.

[6]

A successor Trustee shall have no duties under this agreement until said successor Trustee shall have actual knowledge or have received notice of the death, resignation or incapacity of the predecessor Trustee.

Any successor Trustee is authorized and directed to accept from any prior Trustee the assets delivered by such predecessor on the basis of the predecessor's accounting for such assets without requiring an audit or other independent accounting of the transactions, acts or omissions of such prior Trustee, and any successor Trustee shall not have any duty, responsibility, obligation or liability whatsoever for the acts or omissions of such prior Trustee.

XII.   Corporate Trustee Termination, Resignation and Removal.

1.   Termination. If a corporate Trustee is serving hereunder and the principal and undistributed income of any trust shall be less than an amount which the Trustee deems practical for continuance of the trust, the Trustee may, in its discretion, terminate the trust. Upon such termination, the Trustee shall distribute all of the then remaining principal and undistributed income to the then current income beneficiary or beneficiaries, and such persons, if there be more than one who are issue of mine, shall take per stirpes.

2.   Resignation. Any corporate Trustee serving hereunder shall have the right to resign as Trustee of any trust created hereunder at any time by giving thirty days written notice to that effect to the then current income beneficiaries of such trust.

3.   Removal. Those of my spouse and issue who have reached age twenty-five (25) and are then living and competent may, by thirty days written notice to the corporate Trustee of any trust created hereunder, remove such Trustee, provided such removal shall be effective only upon the written acceptance of the successor Trustee appointed as provided herein. This power is exercisable only for the purpose of securing the convenient and efficient administration of the trust in the best interests of all of its beneficiaries, and not in a manner having the purpose or effect of influencing the corporate fiduciary's exercise of discretion with respect to distributions from the trust.

4.   Appointment. Upon the resignation or removal of the Trustee of any trust created under this agreement, those of my spouse and issue who have reached age twenty-five (25) and are then living and competent, shall by written instrument appoint a successor Trustee. Should any such beneficiaries for any reason fail or refuse to appoint such successor Trustee, then upon application of any person interested in such trust or upon application of the retiring Trustee, such successor may be appointed by the Clerk of the Superior Court of Moore County, acting without the necessity of a special proceeding or service on any beneficiaries of the trust. Any successor Trustee appointed as provided herein shall be an individual or a corporation or association, duly authorized to perform trust functions and having trust assets under management of not less than $100,000,000.00.

Should any successor Trustee appointed as provided herein be a corporation domiciled outside the State of North Carolina, such Trustee shall be authorized to remove the trust assets to the domicile of such Trustee.

The successor Trustee shall not be required to review or audit the accounts and transactions or otherwise to inquire into any act or omission of any predecessor Trustee. Upon delivery to and acceptance by the successor Trustee of any of the trust assets held by the predecessor Trustee, the predecessor Trustee shall be fully discharged from all responsibility and liability with respect to, and in connection with, the trust, including any liability accrued prior to such delivery and acceptance.

Any successor Trustee shall have and may exercise any and all of the powers, authority, and discretion conferred herein as fully and to the same extent as if such successor had originally been named Trustee herein.

XIII. <u>Accountings</u>. The Trustee shall not be required to file with any court any inventory or periodic accounting with respect to any trust created herein.

XIV. <u>Governing Law</u>. This trust is created under, it is governed by and it is to be construed and administered according to the laws of the State of North Carolina; provided, however, that if the situs of this trust shall change to another jurisdiction, the laws of the new situs of the trust shall thereafter govern the construction and administration of this trust.

IN WITNESS WHEREOF, I have duly executed this Third Amendment and Complete Restatement of Trust on this the __3ᵒ__ day of __January__, 2013, and attached my seal hereto.

_____(SEAL)
JOHN CHARLES OWEN
(Grantor & Initial Trustee)

[8]

STATE OF NORTH CAROLINA
COUNTY OF MOORE

I, __MARK D. VAUGHN__, Notary Public of the County and State aforesaid, certify that JOHN CHARLES OWEN, as Grantor and initial Trustee, either being personally known to me or proven by satisfactory evidence (said evidence being drivers license), personally appeared before me this day, and acknowledged the voluntary due execution of the foregoing instrument by said person for the purposes stated therein.
  Witness my hand and official stamp or seal, this 30th day of January, 2013.

My commission expires: 9/24/2015

_____
Notary Public

__MARK D. VAUGHN__
Printed or typed name of Notary Public

[9]