**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In re: ) | |
| ) | |
| **GLYN NEAL OWEN,** ) | Case #25-11132-KHK |
| ) | (Chapter 11) |
| **Debtor-In-Possession.** ) | |
| ) | |

## OBJECTION TO CLAIM OF EXEMPTIONS

CGH Technologies, Inc. ("CGH"), a creditor in the above-captioned case, by counsel, hereby objects under F.R.Bankr.P. 4003(b)(1), to the Debtor's claim of exemptions, on the grounds set forth herein:

Background

The Debtor commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on June 4, 2025. The creditors' meeting was commenced on July 10, 2025 and concluded on July 17, 2025.

On June 23, 2025, the Debtor filed his Schedule C with this Court (Doc 26 at 13-15), claiming certain of his assets as exempt. Among the assets claimed as exempt is the Debtor's interest in a Fidelity "retirement" account. The Debtor has claimed the entirety of the account's $519,651.32 value as exempt under Virginia Code § 34-34, which exempts "a retirement plan . . . from creditor process to the same extent permitted under federal bankruptcy law for such a plan." § 34-34(B). The Debtor testified during his continued creditors' meeting on July 25, 2025 that the source of the funds in the Fidelity retirement account was Cindy Troutman (CGH's former president), and that he was the beneficiary of her 401(k) retirement account at Prudential, which he inherited after her death in 2025 into the rollover IRA at Fidelity. See Exh. 1 (Tr. at 6 line 17

to 10 line 24). Mr. Owen admitted that he was not related by blood or marriage to Ms. Troutman and had never been married to her. Id. at 10 line 25 to 11 line 5.

Argument

The Debtor's claim that the Fidelity retirement account is exempt must be disallowed, because funds received into an inherited IRA–at least by a non-spouse like the Debtor–do not qualify as exempt retirement funds under 11 U.S.C. § 522. Clark v. Rameker, 573 U.S. 122 (2014). As such, the purported claim of exemption under Virginia Code § 34-34 is unavailing as it merely incorporates the exemption that pertains under § 522.

Although the Debtor's attorney promised at the continued creditors' meeting to amend the schedules, no amendments have been forthcoming.

WHEREFORE, the Trustee respectfully requests that the Court sustain this Objection and grant such other and further relief as it deems just and appropriate.

CGH TECHNOLOGIES, INC.
By counsel


 /s/Steven B. Ramsdell
Steven B. Ramsdell, VA Bar #33222
Tyler, Bartl & Ramsdell, P.L.C.
300 N. Washington St., Suite 310
Alexandria, VA 22314
(703) 549-5003

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 15th day of August, 2025, a true copy of the foregoing Objection was served on all parties registered to receive service through the Court's ECF system and was mailed first-class, postage prepaid, to.

Glyn Neal Owen
1131 Tournai Ct.
Woodbridge, VA 22191

                                              /s/Steven B. Ramsdell
                                              Steven B. Ramsdell