**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **GLYN NEAL OWEN,** | ) | **Case #25-11132-KHK** |
| | ) | **(Chapter 11)** |
|     **Debtor-In-Possession.** | ) | |
| | ) | |
| | ) | |
| **CGH TECHNOLOGIES, INC.,** | ) | |
| | ) | |
|     **Movant,** | ) | |
| **v.** | ) | |
| | ) | |
| **GLYN NEAL OWEN, Debtor,** | ) | |
| | ) | |
|     **Respondent.** | ) | |
| | ) | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY, AND NOTICE THEREOF**

**NOTICE**

    **YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)**

    **IF YOU DO NOT WISH THE COURT TO GRANT THE RELIEF SOUGHT IN THE MOTION, OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MOTION, THEN WITHIN 14 DAYS FROM THE DATE OF SERVICE OF THIS MOTION, YOU MUST FILE A WRITTEN RESPONSE EXPLAINING YOUR POSITION WITH THE COURT AND SERVE A COPY ON THE MOVANT. UNLESS A WRITTEN RESPONSE IS FILED AND SERVED WITHIN THIS 14-DAY PERIOD, THE COURT MAY DEEM OPPOSITION WAIVED, TREAT THE MOTION AS CONCEDED, AND ISSUE AN ORDER GRANTING THE REQUESTED RELIEF WITHOUT FURTHER NOTICE OR HEARING.**

    **IF YOU MAIL YOUR RESPONSE TO THE COURT FOR FILING, YOU MUST MAIL IT EARLY ENOUGH SO THE COURT WILL RECEIVE IT ON OR BEFORE THE EXPIRATION OF THE 14-DAY PERIOD.**

    **A PRELIMINARY HEARING TO CONSIDER THE RELIEF REQUESTED IN**

**THIS MOTION IS SCHEDULED FOR OCTOBER 9, 2025 AT 11:00 A.M. IN COURTROOM III, UNITED STATES BANKRUPTCY COURT, 200 S. WASHINGTON ST., 3RD FLOOR, ALEXANDRIA, VA 22314.**

## MOTION

CGH Technologies, Inc. (the "Movant" or "CGH"), by counsel, hereby moves for relief from the automatic stay under 11 U.S.C. § 362(d) for purposes of enforcing a permanent injunction against the Debtor under applicable non-bankruptcy law on account of his postpetition violations thereof, as may be appropriate in the non-bankruptcy courts, but not for purposes of attempting to collect against property of the estate, and in support of this Motion it hereby submits the following:

1. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2. The Debtor commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on June 4, 2025.

3. On December 18, 2023, the Superior Court for the District of Columbia (the "DC Court") entered its Consent Order Of Permanent Injunction (the "Injunction"), Exh. 1, restraining and enjoining the Debtor from directly or indirectly

> tortiously interfering with CGH's relationships with its customers, potential customers, and past, present and prospective future teaming partners by improperly publishing false or misleading statements about CGH and its business, in order to hinder and impair CGH's business, undermine business relationships with CGH's actual and potential customers and past, present, and prospective future teaming partners, and otherwise tortiously injure CGH, its business, and its reputation; or . . . otherwise tortiously interfering with CGH's relationships with its actual or potential customers or past, present, or future prospective teaming partners.

Exh.1 at 2.

4. CGH has learned from one of its customers, the Federal Aviation Administration, that the Debtor has engaged in postpetition conduct that violates the terms of the Injunction.

### Count 1: Relief from Stay is Unnecessary

5. The foregoing allegations are hereby incorporated by reference.

6. The Injunction constituted an equitable remedy in the DC Court which falls outside the definition of "claim" in this bankruptcy case. 11 U.S.C. § 101(5)(B). As such, CGH's enforcement of the Injunction in the DC Court or otherwise is not stayed under § 362(a).

7. In any event, enforcement of the Injunction by the DC Court would be excepted from the stay under the government's "police and regulatory power, including the enforcement of a judgment other than a money judgment . . . ." § 362(b)(4).

### Count 2: Relief from Stay under 11 U.S.C. § 362(d)(1)

8. The foregoing allegations are hereby incorporated by reference.

9. To the extent that the automatic stay may be applicable, as for enforcement of a prepetition "judgment" under § 362(a)(2), cause exists to lift the stay to allow the DC Court to enforce the Injunction, as the Movant agrees that it would not attempt to collect any monetary judgment flowing from such enforcement against property of the estate. And failure to lift the stay would allow the Debtor to flout the Injunction with impunity.

WHEREFORE, the Movant requests that this Court grant this Motion, under 11 U.S.C. § 362(d)(1), lifting the automatic stay (to the extent it is even applicable) (a) to permit CGH to pursue enforcement of the DC Court's permanent injunction against the Debtor under applicable non-bankruptcy law, but not to attempt to collect against property of the Debtors' bankruptcy estate; (b) to waive the 14-day stay set forth in F.R.Bankr.P. 4001(a)(4) since the automatic stay is not even applicable in the first place to the relief requested herein; and (c) to grant such other

and further relief as it deems just and appropriate.

CGH TECHNOLOGIES, INC.
By counsel

/s/Steven B. Ramsdell
Steven B. Ramsdell, VA Bar #33222
Tyler, Bartl & Ramsdell, P.L.C.
300 N. Washington St., Suite 310
Alexandria, VA 22314
(703) 549-5003

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September, 2025, a true copy of the foregoing Motion and Notice was served on all parties registered to receive service through the Court's ECF system and was mailed first-class, postage prepaid, to the creditors included on the list filed under Rule 1007(d), as set forth on the list attached hereto.

/s/Steven B. Ramsdell
Steven B. Ramsdell

| | | |
|---|---|---|
| AEC MTRR<br>P.O. Box 575<br>Blue Ridge Summit, PA 17214 | Affirm, Inc.<br>Resurgent Capital Services<br>P.O. Box 10587<br>Greenville, SC 29603-0587 | Bank of America<br>P.O. Box 15284<br>Wilmington, DE 19850 |
| Compton & Duling<br>12701 Marblestone Dr.<br>Woodbridge, VA 22192 | Deliese Owen<br>1131 Tournai Ct.<br>Woodbridge, VA 22191 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101 |
| Rocket Mortgage<br>1050 Woodward Ave.<br>Detroit, MI 48226 | Rocket Mortgage, LLC fka Quicken Loans, LLC<br>635 Woodward Ave.<br>Detroit, MI 48226 | Truist Bank<br>P.O. Box 1874<br>Wilson, NC 27894 |
| Truist Bank, Support Services<br>P.O. Box 85092<br>Richmond, VA 23286 | Office of the U.S. Trustee<br>1725 Duke St. Suite 650<br>Alexandria, VA 22314 | Glyn Neal Owen<br>1131 Tournai Ct.<br>Woodbridge, VA 22191 |
| Mark D. Meyer, Esq.<br>4340 East West Hwy., Suite 600<br>Bethesda, MD 20814 | Daniel M. Press, Esq.<br>Chung & Press, P.C.<br>6718 Whittier Ave., Suite 200<br>McLean, VA 22101 | |