**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| In re: | Chapter 11 |
| Glyn Neal Owen | No. 25-11132-KHK |
| Debtor. | |

**DECLARATION OF JAMES M. SULLIVAN IN SUPPORT OF**
**PRUDENTIAL'S MOTION TO EXTEND AUTOMATIC STAY**

I, James M. Sullivan, pursuant to 28 U.S.C. § 1746, declare the following:

**INTRODUCTION**

1.       I am an attorney licensed to practice in the state of New York and the United States District Court for the Southern District of New York.  I am a partner at the law firm of Seyfarth Shaw LLP, counsel to the Prudential Insurance Company ("Prudential"), the movant in connection with the *Motion to Extend Automatic Stay to Cover Garnishment Claims Against Prudential* that was filed in this case (ECF No. 65, the "Motion"). I make this declaration based on personal knowledge, except as to those facts alleged on information and belief, and if called and sworn as a witness, I could and would testify competently thereto.

2.       This declaration affirms the facts alleged in the Motion, stated herein as follows.

**BACKGROUND**

3.       Prudential filed the Motion to request the Court stay the continued prosecution of a garnishment action, Case No. CL25-2285 (the "Garnishment Action"), commenced by CGH Technologies, Inc. ("CGH") against Glyn Neal Owen ("Debtor") and Prudential in the Circuit Court of for Prince William County, Virginia (the "Circuit Court"). CGH's claim against Prudential

roots from Prudential's alleged failure to respond to a garnishment summons issued to it by the Circuit Court.

4. Upon information and belief, on or about March 10, 2025, CGH commenced the Garnishment Action against the Debtor and Prudential, seeking to collect on a Judgment CGH obtained against the Debtor by garnishing the Debtor's interest in the death benefit proceeds of a policy that had been issued by Prudential (the "Policy Proceeds").

5. Upon information and belief, the Circuit Court entered a Garnishment Summons on or about March 10, 2025, which CGH served on the Debtor and Prudential on or about March 14, 2025. Upon information and belief, the Garnishment Summons was returnable to the Circuit Court on May 9, 2025. A true and correct copy of the Garnishment Summons is attached hereto as **Exhibit A**.

6. Upon information and belief, the Debtor inexplicably did not respond to the Garnishment Summons and did not seek to claim an exemption with respect to his interest in the Policy Proceeds.

7. Upon information and belief, CGH subsequently sought, and on May 9, 2025, the Circuit Court issued, a Show Cause Order against Prudential, returnable on July 11, 2025 (the "Circuit Court Show Cause Order").

8. That order's language compelled Prudential to show cause as to why a garnishee judgment should not be entered against it. However, CGH has acknowledged in a pleading it filed in the Circuit Court that it wholly failed to serve the Circuit Court Show Cause Order on Prudential and a hearing on the Circuit Court Show Cause Order never occurred. *See* Motion to Lift Stay and Reissue Rule to Show Cause, filed by CGH in the Circuit Court on August 7, 2025 ("The Show Cause Order was never served on the Garnishee and the hearing on the Show Cause Order did not take play (sic)…"). A true and correct copy of that motion is attached hereto as **Exhibit B**.

9. On July 1, 2025, this Court entered the Agreed Order to Extend at the request, and with the consent, of CGH and the Debtor. Based on a telephone conversation I recently had with Daniel Press, counsel for the Debtor, at the time the Agreed Order to Extend was entered, counsel for the Debtor (and perhaps CGH and its counsel) mistakenly believed that Prudential was no longer holding the Policy

Proceeds and thus believed that the Agreed Order to Extend would not adversely impact the Debtor or his estate.

10. Based on my review of the bankruptcy docket, Prudential was not served with the Agreed Order to Extend and thus was unable to correct the misapprehension as to the holder of the Policy Proceeds.

11. Upon information and belief, on October 10, 2025, the Circuit Court granted Plaintiff's Motion to Reissue the Show Cause Order, directing Prudential to appear and show cause why it should not be held in contempt of court for failing to file an Answer or otherwise respond to the Garnishment Summons. Upon information and belief, Prudential was served with that order on October 28, 2025. A true and correct copy of the Circuit Court's Order is attached hereto as **Exhibit C**.

12. Prudential filed its Answer to the Garnishment Summons and response to the Circuit Court's October 10, 2025 order on November 19, 2025, which stated that at that time, Prudential held no money or other property of the Debtor. A true and correct copy of the Prudential response is attached hereto as **Exhibit D**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 5, 2026                     /s/ James M. Sullivan
                                                 James M. Sullivan

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 5, 2026, the foregoing Declaration was filed and served via CM/ECF upon all parties and counsel of record:

      By:    */s/ Samantha L. Brooks*
Samantha L. Brooks (VSB No. 91928)
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC  20004
Telephone: (202) 463-2400
Facsimile: (202) 828-5393
sbrooks@seyfarth.com