# EXHIBIT A

# GARNISHMENT SUMMONS

Case No. CL25-2285

Commonwealth of Virginia, VA. CODE §§ 8.01-511, -512.3

Prince William ................................................. Circuit Court

9311 Lee Avenue, Manassas, VA 20110
COURT ADDRESS

| JUDGMENT CREDITOR: | JUDGMENT DEBTOR: |
|---|---|
| CGH Technologies, Inc. | Glyn Owen |
| c/o Gross, Romanick, Dean & DeSimone, P.C. | 1131 Tournai Court |
| 3975 University Dr., Suite 410, Fairfax, VA 22030 | Woodbridge, VA 22191 |
| Telephone No. (703) 273-1400 | |
| JUDGMENT CREDITOR'S ATTORNEY: | Soc. Sec. No. XXX-XX-9409 |
| A. Charles Dean, Esq. | Garnishee: THE PRUDENTIAL INSURANCE COMPANY |
| Gross, Romanick, Dean & DeSimone, P.C. | SERVE: CT CORPORATION SYSTEM, Registered Agent |
| 3975 University Dr., Suite 410, Fairfax, VA 22030 | 4701 Cox Rd Ste 285, Glen Allen VA 23060-6808 |
| Telephone No. (703) 273-1400 | |

5/9/25 10:30 am
HEARING DATE AND TIME

This is a garnishment against (check only one)
[ ] the judgment debtor's wages, salary or other compensation.
[X] some other debt due or property of the judgment debtor, specifically,
**Any life insurance proceeds payable on any policy (including but not limited to Contract # E1537419)to Glyn Owen (SSN: XXX-XX-9409)**

MAXIMUM PORTION OF DISPOSABLE EARNINGS
SUBJECT TO GARNISHMENT
[ ] Support
[ ] 50%  [ ] 55%  [ ] 60%  [ ] 65%
(if not specified, then 50%)
[ ] state taxes, 100%

STATEMENT:
| | |
|---|---:|
| Judgment Principal: $ | 928,726.00 |
| Credits | 0.00 |
| Interest | 87,631.02 |
| Judgment Costs | 0.00 |
| Attorney's Fee | 0.00 |
| Garnishment Costs | 50.00 |

**TOTAL BALANCE DUE $ 1,016,407.02**
The garnishee shall rely on this amount.

10/12/2023
DATE OF JUDGMENT

Make Checks Payable to:
Clerk, Prince William County Circuit Court

If none of the above are checked, then § 34-29(a) (on reverse) applies.
TO ANY AUTHORIZED OFFICER: You are hereby commanded to serve this summons on the judgment debtor and the garnishee.
TO THE GARNISHEE: You are hereby commanded to (1) file a written answer with this court, or (2) deliver payment to this court, or (3) appear before this court on the return date and time shown on this summons to answer the Suggestion for Summons in Garnishment of the judgment creditor that, by reason of the lien of writ of fieri facias, there is a liability as shown in the statement upon the garnishee.

As garnishee, you shall withhold from the judgment debtor any sums of money to which the judgment debtor is or may be entitled from you during the period between the date of service of this summons on you and the date for your appearance in court, subject to the following limitations: (1) The maximum amount which may be garnished is the "TOTAL BALANCE DUE" as shown on this summons. (2) You shall not be liable to the judgment creditor for any property not specified in this garnishment summons. (3) If the sums of money being garnished are earnings of the judgment debtor, then the provision of "MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO GARNISHMENT" shall apply.

If a garnishment summons is served on an employer having one thousand or more employees, then money to which the judgment debtor is or may be entitled from his or her employer shall be considered those wages, salaries, commission or other earnings which, following service on the garnishee-employer, are determined and are payable to the judgment debtor under the garnishee-employer's normal payroll procedure with a reasonable time allowance for making a timely return by mail to this court.

3/10/2025
DATE OF ISSUANCE OF SUMMONS

Jacqueline C. Smith, Esq.
Clerk of the Circuit Court, Clerk

by Sharon Posner
DEPUTY CLERK

DATE OF DELIVERY OF WRIT OF FIERI FACIAS TO SHERIFF
IF DIFFERENT FROM DATE OF ISSUANCE OF THIS SUMMONS

**WRIT OF FIERI FACIAS** TO ANY AUTHORIZED OFFICER: You are commanded to execute this writ and to make from the intangible personal estate of the judgment debtor(s) the principal, interest, costs and attorney's fees, less credits, as shown in the Garnishment Summons. You are further commanded to make your return to the clerk's office according to law.
Homestead Exemption Waived? [ ] Yes [ ] No [ ] Cannot be demanded

3/10/2025
DATE

Jacqueline C. Smith, Esq.
Clerk of the Circuit Court, Clerk

by Sharon Posner
DEPUTY CLERK

FORM CC-1486 (MASTER, PAGE ONE OF TWO) 1/25

The following statement is not the law but is an interpretation of the law which is intended to assist those who must respond to this garnishment. You many rely on this only for general guidance because the law itself is the final word. (Read the law, § 34-29 of the Code of Virginia, for a full explanation. A copy of § 34-29 is available at the Clerk's office. If you do not understand the law, call a lawyer for help.)

An employer may take as much as 25 percent of an employee's disposable earnings to satisfy this garnishment. But if any employee makes the minimum wage or less for his week's earnings, the employee will ordinarily get to keep 40 times the minimum hourly wage.

But an employer may withhold a different amount of money from that above if:
(1) The employee must pay child support or spousal support and was ordered to do so by a court procedure or other legal procedure. No more than 65 percent of an employee's earnings may be withheld for support;
(2) Money is withheld by order of a bankruptcy court; or
(3) Money is withheld for a tax debt.

"Disposable earnings" means the money an employee makes "after taxes" and after other amounts required by law to be withheld are satisfied. Earnings can be salary, hourly wages, commissions, bonuses, payments to an independent contractor, or otherwise, whether paid directly to the employee or not.

If an employee tries to transfer, assign or in any way give his earnings to another person to avoid the garnishment, it will not be legal; earnings are still earnings.

Financial institutions that receive an employee's paycheck by direct deposit do not have to determine what part of a person's earnings can be garnished.

RECEIVED
..................................................
DATE AND TIME
..................................................
SHERIFF

NOTE:
Return of Writ of Fieri Facias to be used if no effects found – otherwise, use appropriate sections of CC-1477, WRIT OF FIERI FACIAS.

[ ] NO EFFECTS FOUND

..................................................
DATE

..................................................
SHERIFF

..................................................
DEPUTY SHERIFF

JUDGMENT DEBTOR ..................................................
..................................................
ADDRESS ..................................................
..................................................

[ ] PERSONAL SERVICE

[ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.
..................................................
..................................................

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth.

[ ] Not found

..................................................
SERVING OFFICER
.................. for ....................
DATE

RETURNS: Each garnishee was served as indicated below, unless not found, with a copy of this summons and the exemption claim form.

GARNISHEE ..................................................
..................................................
ADDRESS ..................................................
..................................................
TELEPHONE NUMBER: ..................................................

[ ] PERSONAL SERVICE    [ ] FEDERAL SERVICE*

SERVICE ON AN ENTITY PURSUANT TO § 8.01-513:
[ ] Served on garnishment designee. List name and entity type.
..................................................
..................................................

[ ] Certificate filed indicating inability to serve garnishment designee and describing alternative method of service.

SERVICE ON AN INDIVIDUAL:
[ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.
..................................................

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth.

[ ] Copy mailed to judgment debtor after serving the garnishee on date of service below unless a different date of mailing is shown.

..................................................
DATE OF MAILING

[ ] Not found
..................................................
SERVING OFFICER
.................. for ....................
DATE

* Federal law, 5 U.S.C. § 5520a(c)(1) and 42 U.S.C. § 659, provides that a federal agency garnishee may be served either personally or by certified mail, return receipt requested.

FORM CC-1486 (MASTER, PAGE TWO OF TWO) 01/25

**REQUEST FOR HEARING –**  Case No. CL 25-2285
**GARNISHMENT/LIEN EXEMPTION CLAIM**
Commonwealth of Virginia     VA. CODE § 8.01-512.4

Prince William Circuit Court
_____
COURT NAME

CGH Technologies, Inc.            v.            Glyn Owen
JUDGMENT CREDITOR                              JUDGMENT DEBTOR

and THE PRUDENTIAL INSURANCE COMPANY
GARNISHEE

I claim that the exemption(s) from garnishment or lien that are checked below apply in this case:

### MAJOR EXEMPTIONS UNDER FEDERAL AND STATE LAW
[There is no exemption solely because you are having difficulty paying your bills.]

_____ 1. Social Security benefits and Supplemental Security Income (SSI) (42 U.S.C. § 407).
_____ 2. Veterans' benefits (38 U.S.C. § 5301).
_____ 3. Federal civil service retirement benefits (5 U.S.C. § 8346).
_____ 4. Annuities to survivors of federal judges (28 U.S.C. § 376(n) ).
_____ 5. Longshore and Harbor Workers' Compensation Act (33 U.S.C. § 916).
_____ 6. Black Lung benefits.

Exemptions listed under 1 through 6 above may not be applicable in child support and alimony cases (42 U.S.C. § 659).

_____ 7. Seaman's, master's or fisherman's wages, except for child support or spousal support and maintenance (46 U.S.C. § 11109).
_____ 8. Unemployment compensation benefits (§ 60.2-600, Code of Virginia). This exemption may not be applicable in child support cases (§ 60.2-608, Code of Virginia).
_____ 9. Amounts in excess of portions of wages subject to garnishment (§ 34-29, Code of Virginia).
_____ 10. Public assistance payments (§ 63.2-506, Code of Virginia).
_____ 11. Homestead exemption of $5,000 in cash, or $10,000 if the householder is 65 years of age or older, and in addition, real or personal property used as the principal residence of the householder or householder's dependents not exceeding $50,000 in value. (§ 34-4, Code of Virginia). This exemption may not be claimed in certain cases, such as payment of child or spousal support (§ 34-5, Code of Virginia).
_____ 12. Property of disabled veterans – additional $10,000 cash (§ 34-4.1, Code of Virginia).
_____ 13. Worker's Compensation benefits (§ 65.2-531, Code of Virginia).
_____ 14. Growing crops (§ 8.01-489, Code of Virginia).
_____ 15. Benefits from group life insurance policies (§ 38.2-3339, Code of Virginia).
_____ 16. Proceeds from industrial sick benefits insurance (§ 38.2-3549, Code of Virginia).
_____ 17. Assignments of certain salary and wages (§ 8.01-525.10, Code of Virginia).
_____ 18. Benefits for victims of crime (§ 19.2-368.12, Code of Virginia).
_____ 19. Proceeds from funeral trusts (§ 54.1-2823, Code of Virginia).
_____ 20. Certain retirement benefits (§ 34-34, Code of Virginia).
_____ 21. Child support payments (§ 20-108.1, Code of Virginia).
_____ 22. Support for dependent children (§ 34-4.2, Code of Virginia). To claim this exemption, an affidavit that complies with the requirements of subsection B of § 34-4.2 and two items of proof showing entitlement to this exemption must be attached to this exemption form. (The affidavit, form DC-449, AFFIDAVIT CONCERNING DEPENDENT CHILDREN AND HOUSEHOLD INCOME, is available at http://www.vacourts.gov/forms/district/dc449.pdf or the clerk's office.)
_____ 23. Other (describe exemption): $ ...........................................................................................

I request a court hearing to decide the validity of my claim. Notice of hearing should be given to me at:

_____   _____
ADDRESS                                              TELEPHONE NUMBER

The statements made in this request are true to the best of my knowledge and belief.

_____   _____
DATE                              SIGNATURE OF JUDGMENT DEBTOR

FORM DC-454 REVERSE 07/24

# NOTICE TO JUDGMENT DEBTOR
## HOW TO CLAIM EXEMPTIONS FROM GARNISHMENT AND LIEN

The attached Summons in Garnishment or Notice of Lien has been issued on request of a creditor who holds a judgment against you. The Summons may cause your property or wages to be held or taken to pay the judgment.

The law provides that certain property and wages cannot be taken in garnishment. Such property is said to be exempted. A summary of some of the major exemptions is set forth in the request for hearing form. There is no exemption solely because you are having difficulty paying your debts.

If you claim an exemption, you should (i) fill out the claim for exemption form and (ii) deliver or mail the form to the clerk's office of this court.

You have a right to a hearing within seven business days from the date you file your claim with the court. If the creditor is asking that your wages be withheld, the method of computing the amount of wages that are exempt from garnishment by law is indicated on the Summons in Garnishment attached. You do not need to file a claim for exemption to receive this exemption, but if you believe the wrong amount is being withheld, you may file a claim for exemption.

On the day of the hearing, you should come to court ready to explain why your property is exempted, and you should bring any documents that may help you prove your case. If you do not come to court at the designated time and prove that your property is exempt, you may lose some of your rights.

**If you do not claim an exemption and do not otherwise contest the garnishment, you are not required to appear in court on the return date on the Garnishment Summons.**

It may be helpful for you to seek the advice of an attorney in this matter.

**THE REQUEST FOR HEARING FORM IS PRINTED ON THE REVERSE OF THIS FORM.**

FORM DC-454 FRONT 07/20

| | |
|---|---|
| **GARNISHEE'S ANSWER**<br>Commonwealth of Virginia   Va. Code § 8.01-511, -515 | RETURN DATE: 05/09/2025 @10:00 A.M.   CASE NO. CL 25-2285 |

**TO THE GARNISHEE:**
1. Make checks payable to "Clerk of Circuit Court", 9311 Lee Ave, Room 314, Manassas, VA 20110
2. Use this form for your answer/response.
3. Please record the **Case Number and Return/Hearing Date** on all checks and answers to be submitted to the court.
4. Please mail checks or responses to the Court listed on the Garnishment Summons.

[ ] Enclosed is a check made payable to the within-named judgment creditor for $ ................. which is the amount withheld from the judgment debtor.

[ ] The garnishee holds no money or other property of the judgment debtor.

[ ] The garnishee does not have sufficient information to reasonably identify the judgment debtor.
   Explain: ...................

[ ] The judgment debtor was not employed by the garnishee during the period from the service of the summons until the return date.

[ ] The judgment debtor's wages, salary, other compensation, or other debt due or property of the judgment debtor, is not specified in the Garnishment Summons.

[ ] The debtor's "disposable earnings" are less than the amount statutorily exempt from garnishment.

[ ] The garnishee is currently deducting the maximum amount for an existing summons:
   DATED: .............. RETURN DATE: ............ FROM: ................ COURT

[ ] The judgment debtor has filed a bankruptcy petition.

[ ] The judgment debtor account is: [ ] a solely owned account. [ ] a joint account held with .............. of .................... containing $ .............. funds.

[ ] The funds held by the garnishee include direct deposited federal benefits that are protected under federal law from garnishment. (Please specify the specific exemption, account balance, and protected amount, if applicable; attach as necessary.)

..................................................
DATE                    SIGNATURE

..................................................
(PRINT OR TYPE) NAME AND TITLE OF PERSON SIGNING THIS ANSWER

**TO THE GARNISHEE OF PROPERTY OTHER THAN WAGES, SALARIES, COMMISSIONS OR OTHER EARNINGS:** If the summons contains either the social security number or taxpayer identification number of the judgment debtor, or the name and address of the judgment debtor, as either appears in your records, the summons shall be deemed to contain information sufficient to enable you to reasonably identify the judgment debtor. If sufficient or accurate information to enable you to reasonably identify the judgment debtor is provided, you **shall** (i) answer to the court, (ii) state what your records show as the last known address for the judgment debtor, and any other information you deem relevant, and (iii) **send to the judgment debtor at the last known address** a copy of this Answer to the court. This information can be provided on the reverse of this form.
   In compliance with § 8.01-511.1, provide last known address for the judgment debtor and any other information deemed relevant based on the garnishee's records:

FORM DC-456 REVISED 10/17

---

## GARNISHEE'S ANSWER

CGH Technologies, INC
*JUDGMENT CREDITOR*

v.

Glyn Owen
*JUDGMENT DEBTOR*

The Prudential Insurance Company
*GARNISHEE*

COMPLETE AS LISTED ON GARNISHMENT SUMMONS:

Prince William County Circuit Court
*COURT NAME*

9311 Lee Avenue, Manassas, VA 20110
*COURT ADDRESS*

(703) 792-6029
*COURT TELEPHONE NUMBER*

**ATTORNEY FOR GARNISHEE**