# EXHIBIT D

**VIRGINIA: IN THE CIRCUIT COURT**
**FOR PRINCE WILLIAM COUNTY**

CGH TECHNOLOGIES,

     Judgment Creditor,

v.

GLYN OWEN, et. al.,

     Judgment Debtor,                           Case No. CL25-2285

And

THE PRUDENTIAL INSURANCE COMPANY,

     Garnishee.

**<u>GARNISHEE'S ANSWER TO GARNISHMENT SUMMONS</u>**

Garnishee The Prudential Insurance Company ("Garnishee" or "Prudential") submits the forgoing Answer to the Garnishment Summons issued in this case.

Presently, Prudential holds no money or other property of the Judgment Debtor.

Date: November 19, 2025                    Respectfully submitted,

                                            /s/ *Samantha L. Brooks*
                                            Samantha L. Brooks (VSB No. 91928)
                                            Steven DiBeneditto (VSB No. 92888)
                                            SEYFARTH SHAW LLP
                                            975 F St. NW
                                            Washington, DC 20004
                                            (202) 828-3560 (telephone)
                                            (202) 641-9209 (facsimile)
                                            sbrooks@seyfarth.com
                                            sdibeneditto@seyfarth.com
                                          *Counsel for Garnishee The Prudential Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer to Garnishment Summons was filed

and served via FedEx and via email this 19th day of November, 2025, to:


A. Charles Dean
Gross, Romanick, Dean & Desimone, P.C.
3975 University Drive, Suite 410
Fairfax, VA 22030
(703) 273-1400
adean@grddlaw.com
*Counsel for Judgment Creditor*

William D. Wides
Compton & Duling, PLC
12701 Marblestone Drive, Suite 350
Prince William, VA 22192
wdw@comptonduling.com
*Counsel for Judgment Debtor*

/s/ *Samantha L. Brooks*
Samantha L. Brooks (VSB No. 91928)
SEYFARTH SHAW LLP
975 F St. NW
Washington, DC 20004
(202) 828-3560 (telephone)
(202) 641-9209 (facsimile)
sbrooks@seyfarth.com

## VIRGINIA: IN THE CIRCUIT COURT
## FOR PRINCE WILLIAM COUNTY

CGH TECHNOLOGIES,

     Judgment Creditor,

v.

GLYN OWEN, et. al.,

     Judgment Debtor,                      Case No. CL25-2285

And

THE PRUDENTIAL INSURANCE COMPANY,

     Garnishee.

### GARNISHEE THE PRUDENTIAL INSURANCE COMPANY'S RESPONSE TO ORDER TO SHOW CAUSE

     Garnishee The Prudential Insurance Company ("Garnishee" or "Prudential") hereby responds to the Court's Order to Show Cause dated October 10, 2025.  Prudential states as follows:

### Factual Background and Procedural History

     **The Garnishment Summons.**  Plaintiff CGH Technologies, Inc. ("Plaintiff") commenced this garnishment action against Glyn Owen ("Judgment Debtor") and Prudential.  A Garnishment Summons was issued by the Court on or about March 10, 2025 and served on Prudential on or about March 14, 2025.  The Garnishment Summons was returnable to the Court on May 9, 2025.

     When Prudential received the Garnishment Summons, it immediately searched for retirement products associated with the name and last four digits of the social security number of the Judgment Debtor, which appeared on the face of the Garnishment Summons.  Unfortunately, Prudential mistakenly overlooked that the Garnishment Summons purported to seek garnishment

of "any life insurance proceeds payable on any policy," and that a "contract #" was hand written

on the Garnishment Summons.

When Prudential searched for the name and last four digits of the social security number

of the Judgment Debtor, it identified a retirement product that was part of Prudential's retirement

business that had been sold to Empower (a financial services company) in 2022.  As a result,

Prudential sent the Garnishment Summons to Empower for handling, as is its usual business

practice under these circumstances.  Empower did not notify Prudential that the Garnishment

Summons had been mis-directed to it.

**The May 9, 2025 Show Cause.**  According to Plaintiff's August 2, 2025 Motion to Lift

Stay and Reissue Rule to Show Cause ("Plaintiff's Motion"), on May 9, 2025, Plaintiff sought

and the Court issued a Show Cause Order against Prudential, which was returnable on July 11,

2025.  Plaintiff concedes in its Motion that the Show Cause Order "was never served on

[Prudential] and the hearing on the Show Cause Order did not take play [sic] due to the

Judgment Debtor's bankruptcy filing."  *See* Pl.'s Mot. to Lift Stay and Reissue Rule to Show

Cause, at 1.  According to the Bankruptcy Court's docket, Judgment Debtor filed a Chapter 11

Voluntary Petition for Individuals Filing for Bankruptcy on June 4, 2025 in the United States

Bankruptcy Court for the Eastern District of Virginia, Case No. 25-11132-KHK.[1]

While Plaintiff claims that the Show Cause Order was not served because of the

bankruptcy, the bankruptcy was filed nearly a month *after* the Show Cause Order was

purportedly issued.  Plaintiff's Motion fails to explain why it did not serve the Show Cause

---

[1] In his Petition, Judgment Debtor identified Plaintiff as a creditor who had a lien on his property.
Judgment Debtor further stated in his Petition that he had filed for bankruptcy in the same
judicial district on May 13, 2024, Case No. 24-10897.  The docket further reflects that Plaintiff
filed a Notice of Appearance as a creditor of the Judgment Debtor on June 19, 2025.  ECF No.
23.

321898299v.1

Order on Prudential from the time it was issued on May 9, 2025 to the time the bankruptcy was filed on June 4, 2025. Indeed, Prudential was never served with the Show Cause Order, and it first learned of same in Plaintiff's Motion.

**Plaintiff's Motion to Lift Stay and Reissue Show Cause.** Prudential understands that this matter was stayed beginning approximately July 14, 2025 based on the Judgment Debtor's bankruptcy filing. Thereafter, on or about August 12, 2025, Plaintiff served and filed its Motion to Lift Stay and Reissue Rule to Show Cause.[2]

When Prudential received Plaintiff's Motion in August 2025, it again forwarded it to Empower because it believed it pertained to a product that had been sold to Empower in 2022. It was only then that Empower notified Prudential that the Garnishment Summons did not concern a retirement account held by Judgment Debtor.

Prudential immediately began a further search for the account identified in the Garnishment Summons, and for the first time determined that the Garnishment Summons purportedly pertained to an annuity (identified as "Contract E1537418" in the Garnishment Summons). There was some delay in identifying the annuity, however, because the contract number that was hand written on the Garnishment Summons was wrong. The Contract number was actually E1537419. Prudential's search revealed that the Judgment Debtor was the beneficiary of this annuity.

In the course of this search in August 2025, Prudential determined that: Prudential learned of the death of the owner of the annuity in November 2024; upon the death of the owner

---

[2] Pursuant to Virginia Code § 8.01-274.1, a motion requesting a rule to show cause for a violation of a court order in any civil action "shall include facts identifying with particularity the violation of a specific court order and be sworn to or accompanied by an affidavit setting forth such facts." Prudential notes that Plaintiff's Motion to Lift Stay and Reissue Rule to Show Cause did not contain the requisite affidavit.

321898299v.1

of the annuity, the funds were paid to Judgment Debtor in a separate account on April 30, 2025;
and Judgment Debtor ultimately requested that the funds be paid to him in a lump sum via check.
On or about May 19, 2025, Prudential issued a check to Judgment Debtor in the amount of
$519,651.32.  Judgment Debtor cashed/deposited the check on June 18, 2025.[3]  Presently, there
are no funds or other monies in the annuity, nor is Prudential otherwise indebted to Judgment
Debtor for any monies.

Again, Prudential issued the check to Judgment Debtor in May 2025 because it was
mistakenly unaware that the Garnishment Summons pertained to the monies in the annuity,
rather than a retirement account owned by Empower.  Prudential had no other reason to question
the Judgment Debtor's request for the annuity monies to be distributed to him and sent to him via
check.

**The Show Cause Order.**  On October 10, 2025, the Court granted Plaintiff's Motion and
directed Prudential to appear and show cause why it should not be held in contempt of court for
failing to file an Answer or otherwise respond to the Garnishment Summons.  Prudential was
served with the Order on October 28, 2025, and immediately began efforts to respond to the
Garnishment Summons and Order.

Prudential's Answer to the Garnishment Summons is served and filed concurrently
herewith.

**Current Status.**  Prudential has learned through conversations with Judgment Debtor's
bankruptcy counsel that Judgment Debtor still has the monies he received from Prudential in a
bank account that is part of his bankruptcy estate.  Prudential understands that it is Judgment
Debtor's position that these funds are exempt from the bankruptcy proceedings *and* these

---

[3] Judgment Debtor cashed/deposited the check 14 days *after* he filed for bankruptcy.  *See* note 1.

garnishment proceedings. (Prudential notes that Judgment Debtor did not file any claim of exemption to the Garnishment Summons.) Prudential also understands that Judgment Debtor consented to lift the bankruptcy stay as to these proceedings *because* he *knew* that Prudential had paid him the monies and that the Prudential account empty.

**Conferral with Plaintiff's Counsel.** On November 17, 2025, undersigned counsel for Prudential conferred with A. Charles Dean, counsel for Plaintiff, regarding the Garnishment Summons and the Court's October 10, 2025 Order.

<u>Argument</u>

I.    **Prudential Should Not Be Held in Contempt.**

A.    **The Garnishment.**

"A judgment creditor in garnishment proceedings under Code § 8.01-511 stands on no higher ground than the judgment debtor and can have no right greater than the judgment debtor possesses." *Sherman v. S. Grading Inc.*, 101 Va. Cir. 122 (2019) (internal citation and quotation omitted).

In Virginia, "[t]he threshold issue in any garnishment proceeding is whether the garnishee owes money to the judgment debtor." *Conyers v. Guyton*, No. 2:23CV689, 2025 WL 1351520, at *3 (E.D. Va. Apr. 23, 2025), *report and recommendation adopted*, No. 2:23CV689, 2025 WL 1345986 (E.D. Va. May 8, 2025) (internal citations omitted).

The Supreme Court of Virginia has held:

> [t]he court cannot... enter any order or judgment against a garnishee unless he is found either to be indebted to the judgment debtor, or to have possession of property of such debtor for which debt or property the judgment debtor himself could maintain an action at law .... A proceeding in garnishment is substantially an action at law by the judgment debtor in the name of the judgment creditor against the garnishee ... [i]n such a proceeding, *the claim of the judgment debtor against the garnishee must be certain and absolute*[.]

321898299v.1

*Id.* (quoting *Lynch v. Johnson*, 196 Va. 516, 521, 84 S.E.2d 419, 422-23 (1954))
(emphasis in original).

Here, Prudential's failure to respond to the Garnishment Summons was a mistake:
Prudential mistakenly believed that the Garnishment Summons pertained to a retirement product
that had been sold to Empower. Because of this mistake, and Prudential's misunderstanding
about the account that was the subject of the Garnishment Summons, in May 2025, Prudential
paid the monies in the annuity to the Judgment Debtor at Judgment Debtor's request upon the
death of the owner of the annuity.

At this time, Prudential is not indebted to the Judgment Debtor for any sum, and the
annuity that is the subject of the Garnishment Summons has a zero dollar balance. *See Conyers*,
2025 WL 1351520, at *3 (E.D. Va. Apr. 23, 2025) (denying request for order of garnishment
against garnishee where, even though garnishee failed to respond to Court's show cause order,
answer the garnishment summons, deliver payment to clerk, or appear at two Court hearings,
plaintiff had not demonstrated that garnishee owed debtor money or was in possession of her
debtor's property or effects). As a result, an order or judgment against Prudential is not
warranted.

Additionally, although Prudential did not respond to the Garnishment Summons,
Prudential's failure to respond caused no harm to Plaintiff: Prudential understands that Judgment
Debtor still has the monies he received from Prudential in a bank account that is part of his
bankruptcy estate. The bankruptcy court has sole jurisdiction over the account, the bankruptcy
estate, and the claims of Judgment Debtor's creditors (including Plaintiff), and all disputes over
the monies in the bankruptcy estate should be resolved by the bankruptcy court. Plaintiff can
litigate its dispute with Judgment Debtor in bankruptcy court.

321898299v.1

**B.      A Finding of Contempt is Not Warranted.**

To hold a litigant in contempt for violation of a court order, the litigant must have knowledge of the terms of the order. *See Hsiu Tsai v. Commonwealth,* 51 Va.App. 649, 653, 659 S.E.2d 594, 596 (2008).  Thus, "there must be an express command or prohibition which has been violated in order for a proceeding in contempt to lie." *Petrosinelli v. PETA, Inc.*, 273 Va. 700, 707, 643 S.E.2d 151 (2007).  "Consistent with the requirement of knowledge, to hold a litigant in contempt, the litigant must be "'acting in bad faith or [in] willful disobedience of [the court's] order.'" *Zedan v. Westheim*, 60 Va. App. 556, 574-575 (2012) (internal citations omitted); *Koons v. Crane*, 72 Va. App. 720, 737 (2021) (same). "'Willful' means that the conduct is deliberate or intentional." *Zedan*, 60 Va. App. at 574-575.

 "In a show cause hearing, the moving party need only prove that the offending party failed to comply with an order of the trial court." *Koons*, 72 Va. App. at 737.  "Once the movant proves noncompliance, 'the burden is on the obligor to provide justification for the failure to comply.' " *Koons*, 72 Va. App. at 737-38 (quoting Barnhill v. Brooks, 15 Va. App. 696, 704 (1993)).

Here, Prudential admittedly should have responded to the Garnishment Summons; however, Prudential's failure to do so was not in bad faith, nor was it deliberate or intentional; it was an inadvertent mistake.  Under these circumstances, a finding of contempt is not warranted. *See Ragland v. Soggin,* 291 Va. 282, 784 S.E.2d 698, 702 (2016) ("In this case, the trial court specifically found that the mistake was inadvertent. Without the element of intent, the trial court lacked authority to sanction defense counsel under its contempt powers."); *see also Estes v. Virginia Dep't of Corr.*, No. 7:15-CV-00155, 2025 WL 2600045, at *5 (W.D. Va. Sept. 8, 2025) ("Occasional mistakes do not  . . . constitute civil contempt, which is drastic remedy with a heavy burden to establish."); *Estes v. Clarke,* No. 7:15-CV-00155, 2022 WL 2383956, at *7

7

(W.D. Va. July 1, 2022) ("occasional mistakes—especially negligent ones—are unlikely to satisfy the standard for civil contempt").

**C.      Judgment Debtor Acted in Bad Faith.**

Prudential acknowledges its mistake in failing to respond to the Garnishment Summons, and in mistakenly distributing monies from the annuity to the Judgment Debtor during the garnishment period.  Nevertheless, Prudential submits that the Judgment Debtor acted in bad faith and in violation of his duties as a fiduciary in bankruptcy when he sought and accepted monies from Prudential that he knew or should have known were subject to garnishment and were part of the bankruptcy estate.  Indeed, the Judgment Debtor was aware the owner of the annuity passed away, was presumably served with the Garnishment Summons in or around the same time as Prudential, made a claim to the proceeds of the annuity after the Garnishment Summons was issued and served, should have known the annuity was subject to garnishment, and failed to file an exemption to the Garnishment Summons.  Further, Judgment Debtor filed for bankruptcy on June 4, 2025 and 14 days later, on June 18, 2025, deposited the check from Prudential, apparently without disclosing the asset to the Trustee and with knowledge of Plaintiff's garnishment.

<u>Conclusion</u>

Prudential respectfully submits that its failure to respond to the garnishment summons was unintentional, and not the result of any willful conduct.  Under these circumstances, a finding of contempt or entry of judgment would be without basis and unfair.

Moreover, Prudential respectfully submits that Plaintiff has recourse against the Judgment Debtor for the debt owed to it by the Judgment Debtor, because it is a named creditor in the Judgment Debtor's bankruptcy proceedings and has entered its appearance in the bankruptcy proceedings, and Prudential understands the Judgment Debtor has the monies

8

Prudential paid to him.  The bankruptcy court is the appropriate, exclusive forum for Plaintiff to

seek relief.  Plaintiff should not be permitted to "double dip" from Prudential in this matter and

Judgment Debtor in bankruptcy to recover the debt owed to it by Judgment Debtor.

To the extent Plaintiff or the Court contests the sufficiency of Prudential's response to the

Court's Order or the Garnishment Summons, Prudential requests an evidentiary hearing pursuant

to Virginia code §§ 8.01–519 and/or 8.01-565.

Wherefore, Prudential respectfully requests that the show cause order be dismissed.

Date: November 19, 2025              Respectfully submitted,

                                     /s/ *Samantha L. Brooks*
                                     Samantha L. Brooks (VSB No.
                                     91928)
                                     Steven DiBeneditto (VSB No.
                                     92888)
                                     SEYFARTH SHAW LLP
                                     975 F St. NW
                                     Washington, DC 20004
                                     (202) 828-3560 (telephone)
                                     (202) 641-9209 (facsimile)
                                     sbrooks@seyfarth.com
                                     sdibeneditto@seyfarth.com

                                     *Counsel for Garnishee The Prudential Insurance*
                                     *Company*

321898299v.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response to Order to Show Cause was filed

and served via FedEx and via email this 19th day of November, 2025, to:


A. Charles Dean
Gross, Romanick, Dean & Desimone, P.C.
3975 University Drive, Suite 410
Fairfax, VA 22030
(703) 273-1400
adean@grddlaw.com
*Counsel for Judgment Creditor*

William D. Wides
Compton & Duling, PLC
12701 Marblestone Drive, Suite 350
Prince William, VA 22192
wdw@comptonduling.com
*Counsel for Judgment Debtor*


/s/ *Samantha L. Brooks*
Samantha L. Brooks (VSB No. 91928)
SEYFARTH SHAW LLP
975 F St. NW
Washington, DC 20004
(202) 828-3560 (telephone)
(202) 641-9209 (facsimile)
sbrooks@seyfarth.com

## VIRGINIA: IN THE CIRCUIT COURT
## FOR PRINCE WILLIAM COUNTY

CGH TECHNOLOGIES,

     Judgment Creditor,

v.

GLYN OWEN, et. al.,

     Judgment Debtor,                         Case No. CL25-2285

And

THE PRUDENTIAL INSURANCE COMPANY,

     Garnishee.

## GARNISHEE THE PRUDENTIAL INSURANCE COMPANY'S RESPONSE TO ORDER TO SHOW CAUSE

     Garnishee The Prudential Insurance Company ("Garnishee" or "Prudential") hereby responds to the Court's Order to Show Cause dated October 10, 2025.  Prudential states as follows:

### Factual Background and Procedural History

     **The Garnishment Summons.**  Plaintiff CGH Technologies, Inc. ("Plaintiff") commenced this garnishment action against Glyn Owen ("Judgment Debtor") and Prudential.  A Garnishment Summons was issued by the Court on or about March 10, 2025 and served on Prudential on or about March 14, 2025.  The Garnishment Summons was returnable to the Court on May 9, 2025.

     When Prudential received the Garnishment Summons, it immediately searched for retirement products associated with the name and last four digits of the social security number of the Judgment Debtor, which appeared on the face of the Garnishment Summons.  Unfortunately, Prudential mistakenly overlooked that the Garnishment Summons purported to seek garnishment

of "any life insurance proceeds payable on any policy," and that a "contract #" was hand written

on the Garnishment Summons.

When Prudential searched for the name and last four digits of the social security number

of the Judgment Debtor, it identified a retirement product that was part of Prudential's retirement

business that had been sold to Empower (a financial services company) in 2022.  As a result,

Prudential sent the Garnishment Summons to Empower for handling, as is its usual business

practice under these circumstances.  Empower did not notify Prudential that the Garnishment

Summons had been mis-directed to it.

**The May 9, 2025 Show Cause.**  According to Plaintiff's August 2, 2025 Motion to Lift

Stay and Reissue Rule to Show Cause ("Plaintiff's Motion"), on May 9, 2025, Plaintiff sought

and the Court issued a Show Cause Order against Prudential, which was returnable on July 11,

2025.  Plaintiff concedes in its Motion that the Show Cause Order "was never served on

[Prudential] and the hearing on the Show Cause Order did not take play [sic] due to the

Judgment Debtor's bankruptcy filing."  *See* Pl.'s Mot. to Lift Stay and Reissue Rule to Show

Cause, at 1.  According to the Bankruptcy Court's docket, Judgment Debtor filed a Chapter 11

Voluntary Petition for Individuals Filing for Bankruptcy on June 4, 2025 in the United States

Bankruptcy Court for the Eastern District of Virginia, Case No. 25-11132-KHK.[1]

While Plaintiff claims that the Show Cause Order was not served because of the

bankruptcy, the bankruptcy was filed nearly a month *after* the Show Cause Order was

purportedly issued.  Plaintiff's Motion fails to explain why it did not serve the Show Cause

---

[1] In his Petition, Judgment Debtor identified Plaintiff as a creditor who had a lien on his property.
Judgment Debtor further stated in his Petition that he had filed for bankruptcy in the same
judicial district on May 13, 2024, Case No. 24-10897.  The docket further reflects that Plaintiff
filed a Notice of Appearance as a creditor of the Judgment Debtor on June 19, 2025.  ECF No.
23.

Order on Prudential from the time it was issued on May 9, 2025 to the time the bankruptcy was filed on June 4, 2025.  Indeed, Prudential was never served with the Show Cause Order, and it first learned of same in Plaintiff's Motion.

**Plaintiff's Motion to Lift Stay and Reissue Show Cause.**  Prudential understands that this matter was stayed beginning approximately July 14, 2025 based on the Judgment Debtor's bankruptcy filing.  Thereafter, on or about August 12, 2025, Plaintiff served and filed its Motion to Lift Stay and Reissue Rule to Show Cause.[2]

When Prudential received Plaintiff's Motion in August 2025, it again forwarded it to Empower because it believed it pertained to a product that had been sold to Empower in 2022.  It was only then that Empower notified Prudential that the Garnishment Summons did not concern a retirement account held by Judgment Debtor.

Prudential immediately began a further search for the account identified in the Garnishment Summons, and for the first time determined that the Garnishment Summons purportedly pertained to an annuity (identified as "Contract E1537418" in the Garnishment Summons).  There was some delay in identifying the annuity, however, because the contract number that was hand written on the Garnishment Summons was wrong.  The Contract number was actually E153741*9*.  Prudential's search revealed that the Judgment Debtor was the beneficiary of this annuity.

In the course of this search in August 2025, Prudential determined that: Prudential learned of the death of the owner of the annuity in November 2024; upon the death of the owner

---

[2] Pursuant to Virginia Code § 8.01-274.1, a motion requesting a rule to show cause for a violation of a court order in any civil action "shall include facts identifying with particularity the violation of a specific court order and be sworn to or accompanied by an affidavit setting forth such facts."  Prudential notes that Plaintiff's Motion to Lift Stay and Reissue Rule to Show Cause did not contain the requisite affidavit.

Case 25-11132-KHK    Doc 71-4    Filed 02/05/26    Entered 02/05/26 09:33:21    Desc
Exhibit(s) D - Prudential Response    Page 17 of 53

of the annuity, the funds were paid to Judgment Debtor in a separate account on April 30, 2025; and Judgment Debtor ultimately requested that the funds be paid to him in a lump sum via check. On or about May 19, 2025, Prudential issued a check to Judgment Debtor in the amount of $519,651.32.  Judgment Debtor cashed/deposited the check on June 18, 2025.[3]  Presently, there are no funds or other monies in the annuity, nor is Prudential otherwise indebted to Judgment Debtor for any monies.

Again, Prudential issued the check to Judgment Debtor in May 2025 because it was mistakenly unaware that the Garnishment Summons pertained to the monies in the annuity, rather than a retirement account owned by Empower.  Prudential had no other reason to question the Judgment Debtor's request for the annuity monies to be distributed to him and sent to him via check.

**The Show Cause Order.**  On October 10, 2025, the Court granted Plaintiff's Motion and directed Prudential to appear and show cause why it should not be held in contempt of court for failing to file an Answer or otherwise respond to the Garnishment Summons.  Prudential was served with the Order on October 28, 2025, and immediately began efforts to respond to the Garnishment Summons and Order.

Prudential's Answer to the Garnishment Summons is served and filed concurrently herewith.

**Current Status.**  Prudential has learned through conversations with Judgment Debtor's bankruptcy counsel that Judgment Debtor still has the monies he received from Prudential in a bank account that is part of his bankruptcy estate.  Prudential understands that it is Judgment Debtor's position that these funds are exempt from the bankruptcy proceedings *and* these

---

[3] Judgment Debtor cashed/deposited the check 14 days *after* he filed for bankruptcy.  *See* note 1.

4

garnishment proceedings.  (Prudential notes that Judgment Debtor did not file any claim of exemption to the Garnishment Summons.)  Prudential also understands that Judgment Debtor consented to lift the bankruptcy stay as to these proceedings *because* he *knew* that Prudential had paid him the monies and that the Prudential account empty.

 **Conferral with Plaintiff's Counsel.**  On November 17, 2025, undersigned counsel for Prudential conferred with A. Charles Dean, counsel for Plaintiff, regarding the Garnishment Summons and the Court's October 10, 2025 Order.

<u>Argument</u>

## I. <u>Prudential Should Not Be Held in Contempt.</u>

### A. The Garnishment.

 "A judgment creditor in garnishment proceedings under Code § 8.01-511 stands on no higher ground than the judgment debtor and can have no right greater than the judgment debtor possesses." *Sherman v. S. Grading Inc.*, 101 Va. Cir. 122 (2019) (internal citation and quotation omitted).

 In Virginia, "[t]he threshold issue in any garnishment proceeding is whether the garnishee owes money to the judgment debtor." *Conyers v. Guyton*, No. 2:23CV689, 2025 WL 1351520, at *3 (E.D. Va. Apr. 23, 2025), *report and recommendation adopted*, No. 2:23CV689, 2025 WL 1345986 (E.D. Va. May 8, 2025) (internal citations omitted).

 The Supreme Court of Virginia has held:

> [t]he court cannot... enter any order or judgment against a garnishee unless he is found either to be indebted to the judgment debtor, or to have possession of property of such debtor for which debt or property the judgment debtor himself could maintain an action at law .... A proceeding in garnishment is substantially an action at law by the judgment debtor in the name of the judgment creditor against the garnishee ... [i]n such a proceeding, *the claim of the judgment debtor against the garnishee must be certain and absolute*[.]

5

*Id.* (quoting *Lynch v. Johnson*, 196 Va. 516, 521, 84 S.E.2d 419, 422-23 (1954)) (emphasis in original).

Here, Prudential's failure to respond to the Garnishment Summons was a mistake: Prudential mistakenly believed that the Garnishment Summons pertained to a retirement product that had been sold to Empower. Because of this mistake, and Prudential's misunderstanding about the account that was the subject of the Garnishment Summons, in May 2025, Prudential paid the monies in the annuity to the Judgment Debtor at Judgment Debtor's request upon the death of the owner of the annuity.

At this time, Prudential is not indebted to the Judgment Debtor for any sum, and the annuity that is the subject of the Garnishment Summons has a zero dollar balance. *See Conyers*, 2025 WL 1351520, at *3 (E.D. Va. Apr. 23, 2025) (denying request for order of garnishment against garnishee where, even though garnishee failed to respond to Court's show cause order, answer the garnishment summons, deliver payment to clerk, or appear at two Court hearings, plaintiff had not demonstrated that garnishee owed debtor money or was in possession of her debtor's property or effects). As a result, an order or judgment against Prudential is not warranted.

Additionally, although Prudential did not respond to the Garnishment Summons, Prudential's failure to respond caused no harm to Plaintiff: Prudential understands that Judgment Debtor still has the monies he received from Prudential in a bank account that is part of his bankruptcy estate. The bankruptcy court has sole jurisdiction over the account, the bankruptcy estate, and the claims of Judgment Debtor's creditors (including Plaintiff), and all disputes over the monies in the bankruptcy estate should be resolved by the bankruptcy court. Plaintiff can litigate its dispute with Judgment Debtor in bankruptcy court.

**B.      A Finding of Contempt is Not Warranted.**

To hold a litigant in contempt for violation of a court order, the litigant must have

knowledge of the terms of the order. *See Hsiu Tsai v. Commonwealth,* 51 Va.App. 649, 653, 659

S.E.2d 594, 596 (2008).  Thus, "there must be an express command or prohibition which has

been violated in order for a proceeding in contempt to lie." *Petrosinelli v. PETA, Inc.*, 273 Va.

700, 707, 643 S.E.2d 151 (2007).  "Consistent with the requirement of knowledge, to hold a

litigant in contempt, the litigant must be "'acting in bad faith or [in] willful disobedience of [the

court's] order.'" *Zedan v. Westheim*, 60 Va. App. 556, 574-575 (2012) (internal citations omitted);

*Koons v. Crane*, 72 Va. App. 720, 737 (2021) (same). "'Willful' means that the conduct is

deliberate or intentional." *Zedan*, 60 Va. App. at 574-575.

 "In a show cause hearing, the moving party need only prove that the offending party

failed to comply with an order of the trial court." *Koons*, 72 Va. App. at 737.  "Once the movant

proves noncompliance, 'the burden is on the obligor to provide justification for the failure to

comply.' " *Koons*, 72 Va. App. at 737-38 (quoting Barnhill v. Brooks, 15 Va. App. 696, 704

(1993)).

Here, Prudential admittedly should have responded to the Garnishment Summons;

however, Prudential's failure to do so was not in bad faith, nor was it deliberate or intentional; it

was an inadvertent mistake.  Under these circumstances, a finding of contempt is not warranted.

*See Ragland v. Soggin,* 291 Va. 282, 784 S.E.2d 698, 702 (2016) ("In this case, the trial court

specifically found that the mistake was inadvertent. Without the element of intent, the trial court

lacked authority to sanction defense counsel under its contempt powers."); *see also Estes v.*

*Virginia Dep't of Corr.*, No. 7:15-CV-00155, 2025 WL 2600045, at *5 (W.D. Va. Sept. 8, 2025)

("Occasional mistakes do not  . . . constitute civil contempt, which is drastic remedy with a

heavy burden to establish."); *Estes v. Clarke,* No. 7:15-CV-00155, 2022 WL 2383956, at *7

(W.D. Va. July 1, 2022) ("occasional mistakes—especially negligent ones—are unlikely to satisfy the standard for civil contempt").

**C.       Judgment Debtor Acted in Bad Faith.**

Prudential acknowledges its mistake in failing to respond to the Garnishment Summons, and in mistakenly distributing monies from the annuity to the Judgment Debtor during the garnishment period.  Nevertheless, Prudential submits that the Judgment Debtor acted in bad faith and in violation of his duties as a fiduciary in bankruptcy when he sought and accepted monies from Prudential that he knew or should have known were subject to garnishment and were part of the bankruptcy estate.  Indeed, the Judgment Debtor was aware the owner of the annuity passed away, was presumably served with the Garnishment Summons in or around the same time as Prudential, made a claim to the proceeds of the annuity after the Garnishment Summons was issued and served, should have known the annuity was subject to garnishment, and failed to file an exemption to the Garnishment Summons.  Further, Judgment Debtor filed for bankruptcy on June 4, 2025 and 14 days later, on June 18, 2025, deposited the check from Prudential, apparently without disclosing the asset to the Trustee and with knowledge of Plaintiff's garnishment.

<u>Conclusion</u>

Prudential respectfully submits that its failure to respond to the garnishment summons was unintentional, and not the result of any willful conduct.  Under these circumstances, a finding of contempt or entry of judgment would be without basis and unfair.

Moreover, Prudential respectfully submits that Plaintiff has recourse against the Judgment Debtor for the debt owed to it by the Judgment Debtor, because it is a named creditor in the Judgment Debtor's bankruptcy proceedings and has entered its appearance in the bankruptcy proceedings, and Prudential understands the Judgment Debtor has the monies

8

Prudential paid to him.  The bankruptcy court is the appropriate, exclusive forum for Plaintiff to

seek relief.  Plaintiff should not be permitted to "double dip" from Prudential in this matter and

Judgment Debtor in bankruptcy to recover the debt owed to it by Judgment Debtor.

To the extent Plaintiff or the Court contests the sufficiency of Prudential's response to the

Court's Order or the Garnishment Summons, Prudential requests an evidentiary hearing pursuant

to Virginia code §§ 8.01–519 and/or 8.01-565.

Wherefore, Prudential respectfully requests that the show cause order be dismissed.

Date: November 19, 2025                         Respectfully submitted,

                                                /s/ *Samantha L. Brooks*
                                                Samantha L. Brooks (VSB No.
                                                91928)
                                                Steven DiBeneditto (VSB No.
                                                92888)
                                                SEYFARTH SHAW LLP
                                                975 F St. NW
                                                Washington, DC 20004
                                                (202) 828-3560 (telephone)
                                                (202) 641-9209 (facsimile)
                                                sbrooks@seyfarth.com
                                                sdibeneditto@seyfarth.com

                                                *Counsel for Garnishee The Prudential Insurance*
                                                *Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Response to Order to Show Cause was filed

and served via FedEx and via email this 19th day of November, 2025, to:


A. Charles Dean
Gross, Romanick, Dean & Desimone, P.C.
3975 University Drive, Suite 410
Fairfax, VA 22030
(703) 273-1400
adean@grddlaw.com
*Counsel for Judgment Creditor*

William D. Wides
Compton & Duling, PLC
12701 Marblestone Drive, Suite 350
Prince William, VA 22192
wdw@comptonduling.com
*Counsel for Judgment Debtor*


*/s/ Samantha L. Brooks*
Samantha L. Brooks (VSB No.
91928)
SEYFARTH SHAW LLP
975 F St. NW
Washington, DC 20004
(202) 828-3560 (telephone)
(202) 641-9209 (facsimile)
sbrooks@seyfarth.com

**VIRGINIA: IN THE CIRCUIT COURT**
**FOR PRINCE WILLIAM COUNTY**

CGH TECHNOLOGIES,

      Judgment Creditor,

v.

GLYN OWEN, et. al.,

      Judgment Debtor,                    Case No. CL25-2285

And

THE PRUDENTIAL INSURANCE COMPANY,

      Garnishee.

**GARNISHEE THE PRUDENTIAL INSURANCE COMPANY'S RESPONSE TO ORDER
TO SHOW CAUSE**

Garnishee The Prudential Insurance Company ("Garnishee" or "Prudential") hereby responds to the Court's Order to Show Cause dated October 10, 2025.  Prudential states as follows:

**Factual Background and Procedural History**

**The Garnishment Summons.**  Plaintiff CGH Technologies, Inc. ("Plaintiff") commenced this garnishment action against Glyn Owen ("Judgment Debtor") and Prudential.  A Garnishment Summons was issued by the Court on or about March 10, 2025 and served on Prudential on or about March 14, 2025.  The Garnishment Summons was returnable to the Court on May 9, 2025.

When Prudential received the Garnishment Summons, it immediately searched for retirement products associated with the name and last four digits of the social security number of the Judgment Debtor, which appeared on the face of the Garnishment Summons.  Unfortunately, Prudential mistakenly overlooked that the Garnishment Summons purported to seek garnishment

of "any life insurance proceeds payable on any policy," and that a "contract #" was hand written

on the Garnishment Summons.

When Prudential searched for the name and last four digits of the social security number

of the Judgment Debtor, it identified a retirement product that was part of Prudential's retirement

business that had been sold to Empower (a financial services company) in 2022.  As a result,

Prudential sent the Garnishment Summons to Empower for handling, as is its usual business

practice under these circumstances.  Empower did not notify Prudential that the Garnishment

Summons had been mis-directed to it.

**The May 9, 2025 Show Cause.**  According to Plaintiff's August 2, 2025 Motion to Lift

Stay and Reissue Rule to Show Cause ("Plaintiff's Motion"), on May 9, 2025, Plaintiff sought

and the Court issued a Show Cause Order against Prudential, which was returnable on July 11,

2025.  Plaintiff concedes in its Motion that the Show Cause Order "was never served on

[Prudential] and the hearing on the Show Cause Order did not take play [sic] due to the

Judgment Debtor's bankruptcy filing."  *See* Pl.'s Mot. to Lift Stay and Reissue Rule to Show

Cause, at 1.  According to the Bankruptcy Court's docket, Judgment Debtor filed a Chapter 11

Voluntary Petition for Individuals Filing for Bankruptcy on June 4, 2025 in the United States

Bankruptcy Court for the Eastern District of Virginia, Case No. 25-11132-KHK.[1]

While Plaintiff claims that the Show Cause Order was not served because of the

bankruptcy, the bankruptcy was filed nearly a month *after* the Show Cause Order was

purportedly issued.  Plaintiff's Motion fails to explain why it did not serve the Show Cause

---

[1] In his Petition, Judgment Debtor identified Plaintiff as a creditor who had a lien on his property.
Judgment Debtor further stated in his Petition that he had filed for bankruptcy in the same
judicial district on May 13, 2024, Case No. 24-10897.  The docket further reflects that Plaintiff
filed a Notice of Appearance as a creditor of the Judgment Debtor on June 19, 2025.  ECF No.
23.

Order on Prudential from the time it was issued on May 9, 2025 to the time the bankruptcy was filed on June 4, 2025. Indeed, Prudential was never served with the Show Cause Order, and it first learned of same in Plaintiff's Motion.

**Plaintiff's Motion to Lift Stay and Reissue Show Cause.** Prudential understands that this matter was stayed beginning approximately July 14, 2025 based on the Judgment Debtor's bankruptcy filing. Thereafter, on or about August 12, 2025, Plaintiff served and filed its Motion to Lift Stay and Reissue Rule to Show Cause.[2]

When Prudential received Plaintiff's Motion in August 2025, it again forwarded it to Empower because it believed it pertained to a product that had been sold to Empower in 2022. It was only then that Empower notified Prudential that the Garnishment Summons did not concern a retirement account held by Judgment Debtor.

Prudential immediately began a further search for the account identified in the Garnishment Summons, and for the first time determined that the Garnishment Summons purportedly pertained to an annuity (identified as "Contract E1537418" in the Garnishment Summons). There was some delay in identifying the annuity, however, because the contract number that was hand written on the Garnishment Summons was wrong. The Contract number was actually E153741*9*. Prudential's search revealed that the Judgment Debtor was the beneficiary of this annuity.

In the course of this search in August 2025, Prudential determined that: Prudential learned of the death of the owner of the annuity in November 2024; upon the death of the owner

---

[2] Pursuant to Virginia Code § 8.01-274.1, a motion requesting a rule to show cause for a violation of a court order in any civil action "shall include facts identifying with particularity the violation of a specific court order and be sworn to or accompanied by an affidavit setting forth such facts." Prudential notes that Plaintiff's Motion to Lift Stay and Reissue Rule to Show Cause did not contain the requisite affidavit.

3

of the annuity, the funds were paid to Judgment Debtor in a separate account on April 30, 2025; and Judgment Debtor ultimately requested that the funds be paid to him in a lump sum via check. On or about May 19, 2025, Prudential issued a check to Judgment Debtor in the amount of $519,651.32.  Judgment Debtor cashed/deposited the check on June 18, 2025.[3]  Presently, there are no funds or other monies in the annuity, nor is Prudential otherwise indebted to Judgment Debtor for any monies.

Again, Prudential issued the check to Judgment Debtor in May 2025 because it was mistakenly unaware that the Garnishment Summons pertained to the monies in the annuity, rather than a retirement account owned by Empower.  Prudential had no other reason to question the Judgment Debtor's request for the annuity monies to be distributed to him and sent to him via check.

**The Show Cause Order.**  On October 10, 2025, the Court granted Plaintiff's Motion and directed Prudential to appear and show cause why it should not be held in contempt of court for failing to file an Answer or otherwise respond to the Garnishment Summons.  Prudential was served with the Order on October 28, 2025, and immediately began efforts to respond to the Garnishment Summons and Order.

Prudential's Answer to the Garnishment Summons is served and filed concurrently herewith.

**Current Status.**  Prudential has learned through conversations with Judgment Debtor's bankruptcy counsel that Judgment Debtor still has the monies he received from Prudential in a bank account that is part of his bankruptcy estate.  Prudential understands that it is Judgment Debtor's position that these funds are exempt from the bankruptcy proceedings *and* these

---

[3] Judgment Debtor cashed/deposited the check 14 days *after* he filed for bankruptcy.  *See* note 1.

4

garnishment proceedings.  (Prudential notes that Judgment Debtor did not file any claim of exemption to the Garnishment Summons.)  Prudential also understands that Judgment Debtor consented to lift the bankruptcy stay as to these proceedings *because* he *knew* that Prudential had paid him the monies and that the Prudential account empty.

**Conferral with Plaintiff's Counsel.**  On November 17, 2025, undersigned counsel for Prudential conferred with A. Charles Dean, counsel for Plaintiff, regarding the Garnishment Summons and the Court's October 10, 2025 Order.

<u>Argument</u>

**I.     <u>Prudential Should Not Be Held in Contempt.</u>**

**A.     The Garnishment.**

"A judgment creditor in garnishment proceedings under Code § 8.01-511 stands on no higher ground than the judgment debtor and can have no right greater than the judgment debtor possesses." *Sherman v. S. Grading Inc.*, 101 Va. Cir. 122 (2019) (internal citation and quotation omitted).

In Virginia, "[t]he threshold issue in any garnishment proceeding is whether the garnishee owes money to the judgment debtor." *Conyers v. Guyton*, No. 2:23CV689, 2025 WL 1351520, at *3 (E.D. Va. Apr. 23, 2025), *report and recommendation adopted*, No. 2:23CV689, 2025 WL 1345986 (E.D. Va. May 8, 2025) (internal citations omitted).

The Supreme Court of Virginia has held:

> [t]he court cannot... enter any order or judgment against a garnishee unless he is found either to be indebted to the judgment debtor, or to have possession of property of such debtor for which debt or property the judgment debtor himself could maintain an action at law .... A proceeding in garnishment is substantially an action at law by the judgment debtor in the name of the judgment creditor against the garnishee ... [i]n such a proceeding, *the claim of the judgment debtor against the garnishee must be certain and absolute*[.]

5

*Id.* (quoting *Lynch v. Johnson*, 196 Va. 516, 521, 84 S.E.2d 419, 422-23 (1954)) (emphasis in original).

Here, Prudential's failure to respond to the Garnishment Summons was a mistake: Prudential mistakenly believed that the Garnishment Summons pertained to a retirement product that had been sold to Empower. Because of this mistake, and Prudential's misunderstanding about the account that was the subject of the Garnishment Summons, in May 2025, Prudential paid the monies in the annuity to the Judgment Debtor at Judgment Debtor's request upon the death of the owner of the annuity.

At this time, Prudential is not indebted to the Judgment Debtor for any sum, and the annuity that is the subject of the Garnishment Summons has a zero dollar balance. *See Conyers*, 2025 WL 1351520, at *3 (E.D. Va. Apr. 23, 2025) (denying request for order of garnishment against garnishee where, even though garnishee failed to respond to Court's show cause order, answer the garnishment summons, deliver payment to clerk, or appear at two Court hearings, plaintiff had not demonstrated that garnishee owed debtor money or was in possession of her debtor's property or effects). As a result, an order or judgment against Prudential is not warranted.

Additionally, although Prudential did not respond to the Garnishment Summons, Prudential's failure to respond caused no harm to Plaintiff: Prudential understands that Judgment Debtor still has the monies he received from Prudential in a bank account that is part of his bankruptcy estate. The bankruptcy court has sole jurisdiction over the account, the bankruptcy estate, and the claims of Judgment Debtor's creditors (including Plaintiff), and all disputes over the monies in the bankruptcy estate should be resolved by the bankruptcy court. Plaintiff can litigate its dispute with Judgment Debtor in bankruptcy court.

321898299v.1

### B.    A Finding of Contempt is Not Warranted.

To hold a litigant in contempt for violation of a court order, the litigant must have knowledge of the terms of the order. *See Hsiu Tsai v. Commonwealth,* 51 Va.App. 649, 653, 659 S.E.2d 594, 596 (2008).  Thus, "there must be an express command or prohibition which has been violated in order for a proceeding in contempt to lie." *Petrosinelli v. PETA, Inc.*, 273 Va. 700, 707, 643 S.E.2d 151 (2007).  "Consistent with the requirement of knowledge, to hold a litigant in contempt, the litigant must be "'acting in bad faith or [in] willful disobedience of [the court's] order.'" *Zedan v. Westheim*, 60 Va. App. 556, 574-575 (2012) (internal citations omitted); *Koons v. Crane*, 72 Va. App. 720, 737 (2021) (same). "'Willful' means that the conduct is deliberate or intentional." *Zedan*, 60 Va. App. at 574-575.

 "In a show cause hearing, the moving party need only prove that the offending party failed to comply with an order of the trial court." *Koons*, 72 Va. App. at 737.  "Once the movant proves noncompliance, 'the burden is on the obligor to provide justification for the failure to comply.' " *Koons*, 72 Va. App. at 737-38 (quoting Barnhill v. Brooks, 15 Va. App. 696, 704 (1993)).

Here, Prudential admittedly should have responded to the Garnishment Summons; however, Prudential's failure to do so was not in bad faith, nor was it deliberate or intentional; it was an inadvertent mistake.  Under these circumstances, a finding of contempt is not warranted. *See Ragland v. Soggin,* 291 Va. 282, 784 S.E.2d 698, 702 (2016) ("In this case, the trial court specifically found that the mistake was inadvertent. Without the element of intent, the trial court lacked authority to sanction defense counsel under its contempt powers."); *see also Estes v. Virginia Dep't of Corr.*, No. 7:15-CV-00155, 2025 WL 2600045, at *5 (W.D. Va. Sept. 8, 2025) ("Occasional mistakes do not  . . . constitute civil contempt, which is drastic remedy with a heavy burden to establish."); *Estes v. Clarke,* No. 7:15-CV-00155, 2022 WL 2383956, at *7

(W.D. Va. July 1, 2022) ("occasional mistakes—especially negligent ones—are unlikely to satisfy the standard for civil contempt").

## C.    Judgment Debtor Acted in Bad Faith.

Prudential acknowledges its mistake in failing to respond to the Garnishment Summons, and in mistakenly distributing monies from the annuity to the Judgment Debtor during the garnishment period.  Nevertheless, Prudential submits that the Judgment Debtor acted in bad faith and in violation of his duties as a fiduciary in bankruptcy when he sought and accepted monies from Prudential that he knew or should have known were subject to garnishment and were part of the bankruptcy estate.  Indeed, the Judgment Debtor was aware the owner of the annuity passed away, was presumably served with the Garnishment Summons in or around the same time as Prudential, made a claim to the proceeds of the annuity after the Garnishment Summons was issued and served, should have known the annuity was subject to garnishment, and failed to file an exemption to the Garnishment Summons.  Further, Judgment Debtor filed for bankruptcy on June 4, 2025 and 14 days later, on June 18, 2025, deposited the check from Prudential, apparently without disclosing the asset to the Trustee and with knowledge of Plaintiff's garnishment.

<u>Conclusion</u>

Prudential respectfully submits that its failure to respond to the garnishment summons was unintentional, and not the result of any willful conduct.  Under these circumstances, a finding of contempt or entry of judgment would be without basis and unfair.

Moreover, Prudential respectfully submits that Plaintiff has recourse against the Judgment Debtor for the debt owed to it by the Judgment Debtor, because it is a named creditor in the Judgment Debtor's bankruptcy proceedings and has entered its appearance in the bankruptcy proceedings, and Prudential understands the Judgment Debtor has the monies

Prudential paid to him.  The bankruptcy court is the appropriate, exclusive forum for Plaintiff to

seek relief.  Plaintiff should not be permitted to "double dip" from Prudential in this matter and

Judgment Debtor in bankruptcy to recover the debt owed to it by Judgment Debtor.

To the extent Plaintiff or the Court contests the sufficiency of Prudential's response to the

Court's Order or the Garnishment Summons, Prudential requests an evidentiary hearing pursuant

to Virginia code §§ 8.01–519 and/or 8.01-565.

Wherefore, Prudential respectfully requests that the show cause order be dismissed.

Date: November 19, 2025                     Respectfully submitted,

                                            /s/ *Samantha L. Brooks*
                                            Samantha L. Brooks (VSB No.
                                            91928)
                                            Steven DiBeneditto (VSB No.
                                            92888)
                                            SEYFARTH SHAW LLP
                                            975 F St. NW
                                            Washington, DC 20004
                                            (202) 828-3560 (telephone)
                                            (202) 641-9209 (facsimile)
                                            sbrooks@seyfarth.com
                                            sdibeneditto@seyfarth.com

                                            *Counsel for Garnishee The Prudential Insurance
                                            Company*

321898299v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Response to Order to Show Cause was filed

and served via FedEx and via email this 19th day of November, 2025, to:


A. Charles Dean
Gross, Romanick, Dean & Desimone, P.C.
3975 University Drive, Suite 410
Fairfax, VA 22030
(703) 273-1400
adean@grddlaw.com
*Counsel for Judgment Creditor*

William D. Wides
Compton & Duling, PLC
12701 Marblestone Drive, Suite 350
Prince William, VA 22192
wdw@comptonduling.com
*Counsel for Judgment Debtor*


                                        */s/ Samantha L. Brooks*
                                        Samantha L. Brooks (VSB No.
                                        91928)
                                        SEYFARTH SHAW LLP
                                        975 F St. NW
                                        Washington, DC 20004
                                        (202) 828-3560 (telephone)
                                        (202) 641-9209 (facsimile)
                                        sbrooks@seyfarth.com

**VIRGINIA: IN THE CIRCUIT COURT**
**FOR PRINCE WILLIAM COUNTY**

CGH TECHNOLOGIES,

      Judgment Creditor,

v.

GLYN OWEN, et. al.,

      Judgment Debtor,                         Case No. CL25-2285

And

THE PRUDENTIAL INSURANCE COMPANY,

      Garnishee.

**GARNISHEE THE PRUDENTIAL INSURANCE COMPANY'S RESPONSE TO ORDER**
**TO SHOW CAUSE**

      Garnishee The Prudential Insurance Company ("Garnishee" or "Prudential") hereby responds to the Court's Order to Show Cause dated October 10, 2025.  Prudential states as follows:

**Factual Background and Procedural History**

      **The Garnishment Summons.**  Plaintiff CGH Technologies, Inc. ("Plaintiff") commenced this garnishment action against Glyn Owen ("Judgment Debtor") and Prudential.  A Garnishment Summons was issued by the Court on or about March 10, 2025 and served on Prudential on or about March 14, 2025.  The Garnishment Summons was returnable to the Court on May 9, 2025.

      When Prudential received the Garnishment Summons, it immediately searched for retirement products associated with the name and last four digits of the social security number of the Judgment Debtor, which appeared on the face of the Garnishment Summons.  Unfortunately, Prudential mistakenly overlooked that the Garnishment Summons purported to seek garnishment

of "any life insurance proceeds payable on any policy," and that a "contract #" was hand written

on the Garnishment Summons.

When Prudential searched for the name and last four digits of the social security number

of the Judgment Debtor, it identified a retirement product that was part of Prudential's retirement

business that had been sold to Empower (a financial services company) in 2022.  As a result,

Prudential sent the Garnishment Summons to Empower for handling, as is its usual business

practice under these circumstances.  Empower did not notify Prudential that the Garnishment

Summons had been mis-directed to it.

**The May 9, 2025 Show Cause.**  According to Plaintiff's August 2, 2025 Motion to Lift

Stay and Reissue Rule to Show Cause ("Plaintiff's Motion"), on May 9, 2025, Plaintiff sought

and the Court issued a Show Cause Order against Prudential, which was returnable on July 11,

2025.  Plaintiff concedes in its Motion that the Show Cause Order "was never served on

[Prudential] and the hearing on the Show Cause Order did not take play [sic] due to the

Judgment Debtor's bankruptcy filing."  *See* Pl.'s Mot. to Lift Stay and Reissue Rule to Show

Cause, at 1.  According to the Bankruptcy Court's docket, Judgment Debtor filed a Chapter 11

Voluntary Petition for Individuals Filing for Bankruptcy on June 4, 2025 in the United States

Bankruptcy Court for the Eastern District of Virginia, Case No. 25-11132-KHK.[1]

While Plaintiff claims that the Show Cause Order was not served because of the

bankruptcy, the bankruptcy was filed nearly a month *after* the Show Cause Order was

purportedly issued.  Plaintiff's Motion fails to explain why it did not serve the Show Cause

---

[1] In his Petition, Judgment Debtor identified Plaintiff as a creditor who had a lien on his property.
Judgment Debtor further stated in his Petition that he had filed for bankruptcy in the same
judicial district on May 13, 2024, Case No. 24-10897.  The docket further reflects that Plaintiff
filed a Notice of Appearance as a creditor of the Judgment Debtor on June 19, 2025.  ECF No.
23.

Order on Prudential from the time it was issued on May 9, 2025 to the time the bankruptcy was filed on June 4, 2025.  Indeed, Prudential was never served with the Show Cause Order, and it first learned of same in Plaintiff's Motion.

**Plaintiff's Motion to Lift Stay and Reissue Show Cause.**  Prudential understands that this matter was stayed beginning approximately July 14, 2025 based on the Judgment Debtor's bankruptcy filing.  Thereafter, on or about August 12, 2025, Plaintiff served and filed its Motion to Lift Stay and Reissue Rule to Show Cause.[2]

When Prudential received Plaintiff's Motion in August 2025, it again forwarded it to Empower because it believed it pertained to a product that had been sold to Empower in 2022.  It was only then that Empower notified Prudential that the Garnishment Summons did not concern a retirement account held by Judgment Debtor.

Prudential immediately began a further search for the account identified in the Garnishment Summons, and for the first time determined that the Garnishment Summons purportedly pertained to an annuity (identified as "Contract E1537418" in the Garnishment Summons).  There was some delay in identifying the annuity, however, because the contract number that was hand written on the Garnishment Summons was wrong.  The Contract number was actually E1537419.  Prudential's search revealed that the Judgment Debtor was the beneficiary of this annuity.

In the course of this search in August 2025, Prudential determined that: Prudential learned of the death of the owner of the annuity in November 2024; upon the death of the owner

---

[2] Pursuant to Virginia Code § 8.01-274.1, a motion requesting a rule to show cause for a violation of a court order in any civil action "shall include facts identifying with particularity the violation of a specific court order and be sworn to or accompanied by an affidavit setting forth such facts."  Prudential notes that Plaintiff's Motion to Lift Stay and Reissue Rule to Show Cause did not contain the requisite affidavit.

of the annuity, the funds were paid to Judgment Debtor in a separate account on April 30, 2025; and Judgment Debtor ultimately requested that the funds be paid to him in a lump sum via check. On or about May 19, 2025, Prudential issued a check to Judgment Debtor in the amount of $519,651.32. Judgment Debtor cashed/deposited the check on June 18, 2025.[3] Presently, there are no funds or other monies in the annuity, nor is Prudential otherwise indebted to Judgment Debtor for any monies.

Again, Prudential issued the check to Judgment Debtor in May 2025 because it was mistakenly unaware that the Garnishment Summons pertained to the monies in the annuity, rather than a retirement account owned by Empower. Prudential had no other reason to question the Judgment Debtor's request for the annuity monies to be distributed to him and sent to him via check.

**The Show Cause Order.** On October 10, 2025, the Court granted Plaintiff's Motion and directed Prudential to appear and show cause why it should not be held in contempt of court for failing to file an Answer or otherwise respond to the Garnishment Summons. Prudential was served with the Order on October 28, 2025, and immediately began efforts to respond to the Garnishment Summons and Order.

Prudential's Answer to the Garnishment Summons is served and filed concurrently herewith.

**Current Status.** Prudential has learned through conversations with Judgment Debtor's bankruptcy counsel that Judgment Debtor still has the monies he received from Prudential in a bank account that is part of his bankruptcy estate. Prudential understands that it is Judgment Debtor's position that these funds are exempt from the bankruptcy proceedings *and* these

---

[3] Judgment Debtor cashed/deposited the check 14 days *after* he filed for bankruptcy. *See* note 1.

4

garnishment proceedings.  (Prudential notes that Judgment Debtor did not file any claim of exemption to the Garnishment Summons.)  Prudential also understands that Judgment Debtor consented to lift the bankruptcy stay as to these proceedings *because* he *knew* that Prudential had paid him the monies and that the Prudential account empty.

**Conferral with Plaintiff's Counsel.**  On November 17, 2025, undersigned counsel for Prudential conferred with A. Charles Dean, counsel for Plaintiff, regarding the Garnishment Summons and the Court's October 10, 2025 Order.

<u>Argument</u>

**I.      Prudential Should Not Be Held in Contempt.**

**A.      The Garnishment.**

"A judgment creditor in garnishment proceedings under Code § 8.01-511 stands on no higher ground than the judgment debtor and can have no right greater than the judgment debtor possesses." *Sherman v. S. Grading Inc.*, 101 Va. Cir. 122 (2019) (internal citation and quotation omitted).

In Virginia, "[t]he threshold issue in any garnishment proceeding is whether the garnishee owes money to the judgment debtor." *Conyers v. Guyton*, No. 2:23CV689, 2025 WL 1351520, at *3 (E.D. Va. Apr. 23, 2025), *report and recommendation adopted*, No. 2:23CV689, 2025 WL 1345986 (E.D. Va. May 8, 2025) (internal citations omitted).

The Supreme Court of Virginia has held:

> [t]he court cannot... enter any order or judgment against a garnishee unless he is found either to be indebted to the judgment debtor, or to have possession of property of such debtor for which debt or property the judgment debtor himself could maintain an action at law .... A proceeding in garnishment is substantially an action at law by the judgment debtor in the name of the judgment creditor against the garnishee ... [i]n such a proceeding, *the claim of the judgment debtor against the garnishee must be certain and absolute*[.]

*Id.* (quoting *Lynch v. Johnson*, 196 Va. 516, 521, 84 S.E.2d 419, 422-23 (1954)) (emphasis in original).

Here, Prudential's failure to respond to the Garnishment Summons was a mistake: Prudential mistakenly believed that the Garnishment Summons pertained to a retirement product that had been sold to Empower.  Because of this mistake, and Prudential's misunderstanding about the account that was the subject of the Garnishment Summons, in May 2025, Prudential paid the monies in the annuity to the Judgment Debtor at Judgment Debtor's request upon the death of the owner of the annuity.

At this time, Prudential is not indebted to the Judgment Debtor for any sum, and the annuity that is the subject of the Garnishment Summons has a zero dollar balance.  *See Conyers*, 2025 WL 1351520, at *3 (E.D. Va. Apr. 23, 2025) (denying request for order of garnishment against garnishee where, even though garnishee failed to respond to Court's show cause order, answer the garnishment summons, deliver payment to clerk, or appear at two Court hearings, plaintiff had not demonstrated that garnishee owed debtor money or was in possession of her debtor's property or effects).  As a result, an order or judgment against Prudential is not warranted.

Additionally, although Prudential did not respond to the Garnishment Summons, Prudential's failure to respond caused no harm to Plaintiff: Prudential understands that Judgment Debtor still has the monies he received from Prudential in a bank account that is part of his bankruptcy estate.  The bankruptcy court has sole jurisdiction over the account, the bankruptcy estate, and the claims of Judgment Debtor's creditors (including Plaintiff), and all disputes over the monies in the bankruptcy estate should be resolved by the bankruptcy court.  Plaintiff can litigate its dispute with Judgment Debtor in bankruptcy court.

**B.      A Finding of Contempt is Not Warranted.**

To hold a litigant in contempt for violation of a court order, the litigant must have

knowledge of the terms of the order. *See Hsiu Tsai v. Commonwealth,* 51 Va.App. 649, 653, 659

S.E.2d 594, 596 (2008).  Thus, "there must be an express command or prohibition which has

been violated in order for a proceeding in contempt to lie." *Petrosinelli v. PETA, Inc.*, 273 Va.

700, 707, 643 S.E.2d 151 (2007).  "Consistent with the requirement of knowledge, to hold a

litigant in contempt, the litigant must be "'acting in bad faith or [in] willful disobedience of [the

court's] order.'" *Zedan v. Westheim*, 60 Va. App. 556, 574-575 (2012) (internal citations omitted);

*Koons v. Crane*, 72 Va. App. 720, 737 (2021) (same). "'Willful' means that the conduct is

deliberate or intentional." *Zedan*, 60 Va. App. at 574-575.

 "In a show cause hearing, the moving party need only prove that the offending party

failed to comply with an order of the trial court." *Koons*, 72 Va. App. at 737.  "Once the movant

proves noncompliance, 'the burden is on the obligor to provide justification for the failure to

comply.' " *Koons*, 72 Va. App. at 737-38 (quoting Barnhill v. Brooks, 15 Va. App. 696, 704

(1993)).

Here, Prudential admittedly should have responded to the Garnishment Summons;

however, Prudential's failure to do so was not in bad faith, nor was it deliberate or intentional; it

was an inadvertent mistake.  Under these circumstances, a finding of contempt is not warranted.

*See Ragland v. Soggin,* 291 Va. 282, 784 S.E.2d 698, 702 (2016) ("In this case, the trial court

specifically found that the mistake was inadvertent. Without the element of intent, the trial court

lacked authority to sanction defense counsel under its contempt powers."); *see also Estes v.

Virginia Dep't of Corr.*, No. 7:15-CV-00155, 2025 WL 2600045, at *5 (W.D. Va. Sept. 8, 2025)

("Occasional mistakes do not  . . . constitute civil contempt, which is drastic remedy with a

heavy burden to establish."); *Estes v. Clarke,* No. 7:15-CV-00155, 2022 WL 2383956, at *7

(W.D. Va. July 1, 2022) ("occasional mistakes—especially negligent ones—are unlikely to satisfy the standard for civil contempt").

## C.    Judgment Debtor Acted in Bad Faith.

Prudential acknowledges its mistake in failing to respond to the Garnishment Summons, and in mistakenly distributing monies from the annuity to the Judgment Debtor during the garnishment period.  Nevertheless, Prudential submits that the Judgment Debtor acted in bad faith and in violation of his duties as a fiduciary in bankruptcy when he sought and accepted monies from Prudential that he knew or should have known were subject to garnishment and were part of the bankruptcy estate.  Indeed, the Judgment Debtor was aware the owner of the annuity passed away, was presumably served with the Garnishment Summons in or around the same time as Prudential, made a claim to the proceeds of the annuity after the Garnishment Summons was issued and served, should have known the annuity was subject to garnishment, and failed to file an exemption to the Garnishment Summons.  Further, Judgment Debtor filed for bankruptcy on June 4, 2025 and 14 days later, on June 18, 2025, deposited the check from Prudential, apparently without disclosing the asset to the Trustee and with knowledge of Plaintiff's garnishment.

**Conclusion**

Prudential respectfully submits that its failure to respond to the garnishment summons was unintentional, and not the result of any willful conduct.  Under these circumstances, a finding of contempt or entry of judgment would be without basis and unfair.

Moreover, Prudential respectfully submits that Plaintiff has recourse against the Judgment Debtor for the debt owed to it by the Judgment Debtor, because it is a named creditor in the Judgment Debtor's bankruptcy proceedings and has entered its appearance in the bankruptcy proceedings, and Prudential understands the Judgment Debtor has the monies

321898299v.1

Prudential paid to him.  The bankruptcy court is the appropriate, exclusive forum for Plaintiff to seek relief.  Plaintiff should not be permitted to "double dip" from Prudential in this matter and Judgment Debtor in bankruptcy to recover the debt owed to it by Judgment Debtor.

To the extent Plaintiff or the Court contests the sufficiency of Prudential's response to the Court's Order or the Garnishment Summons, Prudential requests an evidentiary hearing pursuant to Virginia code §§ 8.01–519 and/or 8.01-565.

Wherefore, Prudential respectfully requests that the show cause order be dismissed.

Date: November 19, 2025                    Respectfully submitted,

_/s/ Samantha L. Brooks_
Samantha L. Brooks (VSB No. 91928)
Steven DiBeneditto (VSB No. 92888)
SEYFARTH SHAW LLP
975 F St. NW
Washington, DC 20004
(202) 828-3560 (telephone)
(202) 641-9209 (facsimile)
sbrooks@seyfarth.com
sdibeneditto@seyfarth.com

_Counsel for Garnishee The Prudential Insurance Company_

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Response to Order to Show Cause was filed

and served via FedEx and via email this 19th day of November, 2025, to:


A. Charles Dean
Gross, Romanick, Dean & Desimone, P.C.
3975 University Drive, Suite 410
Fairfax, VA 22030
(703) 273-1400
adean@grddlaw.com
*Counsel for Judgment Creditor*

William D. Wides
Compton & Duling, PLC
12701 Marblestone Drive, Suite 350
Prince William, VA 22192
wdw@comptonduling.com
*Counsel for Judgment Debtor*


                                        */s/ Samantha L. Brooks*
                                        Samantha L. Brooks (VSB No.
                                        91928)
                                        SEYFARTH SHAW LLP
                                        975 F St. NW
                                        Washington, DC 20004
                                        (202) 828-3560 (telephone)
                                        (202) 641-9209 (facsimile)
                                        sbrooks@seyfarth.com

**VIRGINIA: IN THE CIRCUIT COURT
FOR PRINCE WILLIAM COUNTY**

CGH TECHNOLOGIES,

     Judgment Creditor,

v.

GLYN OWEN, et. al.,

     Judgment Debtor,                       Case No. CL25-2285

And

THE PRUDENTIAL INSURANCE COMPANY,

     Garnishee.

## GARNISHEE THE PRUDENTIAL INSURANCE COMPANY'S RESPONSE TO ORDER TO SHOW CAUSE

Garnishee The Prudential Insurance Company ("Garnishee" or "Prudential") hereby responds to the Court's Order to Show Cause dated October 10, 2025.  Prudential states as follows:

### Factual Background and Procedural History

**The Garnishment Summons.**  Plaintiff CGH Technologies, Inc. ("Plaintiff") commenced this garnishment action against Glyn Owen ("Judgment Debtor") and Prudential.  A Garnishment Summons was issued by the Court on or about March 10, 2025 and served on Prudential on or about March 14, 2025.  The Garnishment Summons was returnable to the Court on May 9, 2025.

When Prudential received the Garnishment Summons, it immediately searched for retirement products associated with the name and last four digits of the social security number of the Judgment Debtor, which appeared on the face of the Garnishment Summons.  Unfortunately, Prudential mistakenly overlooked that the Garnishment Summons purported to seek garnishment

of "any life insurance proceeds payable on any policy," and that a "contract #" was hand written on the Garnishment Summons.

When Prudential searched for the name and last four digits of the social security number of the Judgment Debtor, it identified a retirement product that was part of Prudential's retirement business that had been sold to Empower (a financial services company) in 2022. As a result, Prudential sent the Garnishment Summons to Empower for handling, as is its usual business practice under these circumstances. Empower did not notify Prudential that the Garnishment Summons had been mis-directed to it.

**The May 9, 2025 Show Cause.** According to Plaintiff's August 2, 2025 Motion to Lift Stay and Reissue Rule to Show Cause ("Plaintiff's Motion"), on May 9, 2025, Plaintiff sought and the Court issued a Show Cause Order against Prudential, which was returnable on July 11, 2025. Plaintiff concedes in its Motion that the Show Cause Order "was never served on [Prudential] and the hearing on the Show Cause Order did not take play [sic] due to the Judgment Debtor's bankruptcy filing." *See* Pl.'s Mot. to Lift Stay and Reissue Rule to Show Cause, at 1. According to the Bankruptcy Court's docket, Judgment Debtor filed a Chapter 11 Voluntary Petition for Individuals Filing for Bankruptcy on June 4, 2025 in the United States Bankruptcy Court for the Eastern District of Virginia, Case No. 25-11132-KHK.[1]

While Plaintiff claims that the Show Cause Order was not served because of the bankruptcy, the bankruptcy was filed nearly a month *after* the Show Cause Order was purportedly issued. Plaintiff's Motion fails to explain why it did not serve the Show Cause

---

[1] In his Petition, Judgment Debtor identified Plaintiff as a creditor who had a lien on his property. Judgment Debtor further stated in his Petition that he had filed for bankruptcy in the same judicial district on May 13, 2024, Case No. 24-10897. The docket further reflects that Plaintiff filed a Notice of Appearance as a creditor of the Judgment Debtor on June 19, 2025. ECF No. 23.

Order on Prudential from the time it was issued on May 9, 2025 to the time the bankruptcy was filed on June 4, 2025.  Indeed, Prudential was never served with the Show Cause Order, and it first learned of same in Plaintiff's Motion.

**Plaintiff's Motion to Lift Stay and Reissue Show Cause.**  Prudential understands that this matter was stayed beginning approximately July 14, 2025 based on the Judgment Debtor's bankruptcy filing.  Thereafter, on or about August 12, 2025, Plaintiff served and filed its Motion to Lift Stay and Reissue Rule to Show Cause.[2]

When Prudential received Plaintiff's Motion in August 2025, it again forwarded it to Empower because it believed it pertained to a product that had been sold to Empower in 2022.  It was only then that Empower notified Prudential that the Garnishment Summons did not concern a retirement account held by Judgment Debtor.

Prudential immediately began a further search for the account identified in the Garnishment Summons, and for the first time determined that the Garnishment Summons purportedly pertained to an annuity (identified as "Contract E1537418" in the Garnishment Summons).  There was some delay in identifying the annuity, however, because the contract number that was hand written on the Garnishment Summons was wrong.  The Contract number was actually E1537419.  Prudential's search revealed that the Judgment Debtor was the beneficiary of this annuity.

In the course of this search in August 2025, Prudential determined that: Prudential learned of the death of the owner of the annuity in November 2024; upon the death of the owner

---

[2] Pursuant to Virginia Code § 8.01-274.1, a motion requesting a rule to show cause for a violation of a court order in any civil action "shall include facts identifying with particularity the violation of a specific court order and be sworn to or accompanied by an affidavit setting forth such facts."  Prudential notes that Plaintiff's Motion to Lift Stay and Reissue Rule to Show Cause did not contain the requisite affidavit.

321898299v.1

of the annuity, the funds were paid to Judgment Debtor in a separate account on April 30, 2025; and Judgment Debtor ultimately requested that the funds be paid to him in a lump sum via check. On or about May 19, 2025, Prudential issued a check to Judgment Debtor in the amount of $519,651.32. Judgment Debtor cashed/deposited the check on June 18, 2025.[3]  Presently, there are no funds or other monies in the annuity, nor is Prudential otherwise indebted to Judgment Debtor for any monies.

Again, Prudential issued the check to Judgment Debtor in May 2025 because it was mistakenly unaware that the Garnishment Summons pertained to the monies in the annuity, rather than a retirement account owned by Empower. Prudential had no other reason to question the Judgment Debtor's request for the annuity monies to be distributed to him and sent to him via check.

**The Show Cause Order.** On October 10, 2025, the Court granted Plaintiff's Motion and directed Prudential to appear and show cause why it should not be held in contempt of court for failing to file an Answer or otherwise respond to the Garnishment Summons. Prudential was served with the Order on October 28, 2025, and immediately began efforts to respond to the Garnishment Summons and Order.

Prudential's Answer to the Garnishment Summons is served and filed concurrently herewith.

**Current Status.** Prudential has learned through conversations with Judgment Debtor's bankruptcy counsel that Judgment Debtor still has the monies he received from Prudential in a bank account that is part of his bankruptcy estate. Prudential understands that it is Judgment Debtor's position that these funds are exempt from the bankruptcy proceedings *and* these

---

[3] Judgment Debtor cashed/deposited the check 14 days *after* he filed for bankruptcy. *See* note 1.

4

garnishment proceedings.  (Prudential notes that Judgment Debtor did not file any claim of exemption to the Garnishment Summons.)  Prudential also understands that Judgment Debtor consented to lift the bankruptcy stay as to these proceedings *because* he *knew* that Prudential had paid him the monies and that the Prudential account empty.

**Conferral with Plaintiff's Counsel.**  On November 17, 2025, undersigned counsel for Prudential conferred with A. Charles Dean, counsel for Plaintiff, regarding the Garnishment Summons and the Court's October 10, 2025 Order.

<u>Argument</u>

**I.      <u>Prudential Should Not Be Held in Contempt.</u>**

**A.      The Garnishment.**

"A judgment creditor in garnishment proceedings under Code § 8.01-511 stands on no higher ground than the judgment debtor and can have no right greater than the judgment debtor possesses." *Sherman v. S. Grading Inc.*, 101 Va. Cir. 122 (2019) (internal citation and quotation omitted).

In Virginia, "[t]he threshold issue in any garnishment proceeding is whether the garnishee owes money to the judgment debtor." *Conyers v. Guyton*, No. 2:23CV689, 2025 WL 1351520, at *3 (E.D. Va. Apr. 23, 2025), *report and recommendation adopted*, No. 2:23CV689, 2025 WL 1345986 (E.D. Va. May 8, 2025) (internal citations omitted).

The Supreme Court of Virginia has held:

> [t]he court cannot... enter any order or judgment against a garnishee unless he is found either to be indebted to the judgment debtor, or to have possession of property of such debtor for which debt or property the judgment debtor himself could maintain an action at law .... A proceeding in garnishment is substantially an action at law by the judgment debtor in the name of the judgment creditor against the garnishee ... [i]n such a proceeding, *the claim of the judgment debtor against the garnishee must be certain and absolute*[.]

*Id.* (quoting *Lynch v. Johnson*, 196 Va. 516, 521, 84 S.E.2d 419, 422-23 (1954)) (emphasis in original).

Here, Prudential's failure to respond to the Garnishment Summons was a mistake: Prudential mistakenly believed that the Garnishment Summons pertained to a retirement product that had been sold to Empower. Because of this mistake, and Prudential's misunderstanding about the account that was the subject of the Garnishment Summons, in May 2025, Prudential paid the monies in the annuity to the Judgment Debtor at Judgment Debtor's request upon the death of the owner of the annuity.

At this time, Prudential is not indebted to the Judgment Debtor for any sum, and the annuity that is the subject of the Garnishment Summons has a zero dollar balance. *See Conyers*, 2025 WL 1351520, at *3 (E.D. Va. Apr. 23, 2025) (denying request for order of garnishment against garnishee where, even though garnishee failed to respond to Court's show cause order, answer the garnishment summons, deliver payment to clerk, or appear at two Court hearings, plaintiff had not demonstrated that garnishee owed debtor money or was in possession of her debtor's property or effects). As a result, an order or judgment against Prudential is not warranted.

Additionally, although Prudential did not respond to the Garnishment Summons, Prudential's failure to respond caused no harm to Plaintiff: Prudential understands that Judgment Debtor still has the monies he received from Prudential in a bank account that is part of his bankruptcy estate. The bankruptcy court has sole jurisdiction over the account, the bankruptcy estate, and the claims of Judgment Debtor's creditors (including Plaintiff), and all disputes over the monies in the bankruptcy estate should be resolved by the bankruptcy court. Plaintiff can litigate its dispute with Judgment Debtor in bankruptcy court.

6

**B.      A Finding of Contempt is Not Warranted.**

To hold a litigant in contempt for violation of a court order, the litigant must have knowledge of the terms of the order. *See Hsiu Tsai v. Commonwealth,* 51 Va.App. 649, 653, 659 S.E.2d 594, 596 (2008).  Thus, "there must be an express command or prohibition which has been violated in order for a proceeding in contempt to lie." *Petrosinelli v. PETA, Inc.*, 273 Va. 700, 707, 643 S.E.2d 151 (2007).  "Consistent with the requirement of knowledge, to hold a litigant in contempt, the litigant must be "'acting in bad faith or [in] willful disobedience of [the court's] order.'" *Zedan v. Westheim*, 60 Va. App. 556, 574-575 (2012) (internal citations omitted); *Koons v. Crane*, 72 Va. App. 720, 737 (2021) (same). "'Willful' means that the conduct is deliberate or intentional." *Zedan*, 60 Va. App. at 574-575.

 "In a show cause hearing, the moving party need only prove that the offending party failed to comply with an order of the trial court." *Koons*, 72 Va. App. at 737.  "Once the movant proves noncompliance, 'the burden is on the obligor to provide justification for the failure to comply.' " *Koons*, 72 Va. App. at 737-38 (quoting Barnhill v. Brooks, 15 Va. App. 696, 704 (1993)).

Here, Prudential admittedly should have responded to the Garnishment Summons; however, Prudential's failure to do so was not in bad faith, nor was it deliberate or intentional; it was an inadvertent mistake.  Under these circumstances, a finding of contempt is not warranted. *See Ragland v. Soggin,* 291 Va. 282, 784 S.E.2d 698, 702 (2016) ("In this case, the trial court specifically found that the mistake was inadvertent. Without the element of intent, the trial court lacked authority to sanction defense counsel under its contempt powers."); *see also Estes v. Virginia Dep't of Corr.*, No. 7:15-CV-00155, 2025 WL 2600045, at *5 (W.D. Va. Sept. 8, 2025) ("Occasional mistakes do not  . . . constitute civil contempt, which is drastic remedy with a heavy burden to establish."); *Estes v. Clarke,* No. 7:15-CV-00155, 2022 WL 2383956, at *7

7

(W.D. Va. July 1, 2022) ("occasional mistakes—especially negligent ones—are unlikely to satisfy the standard for civil contempt").

**C.      Judgment Debtor Acted in Bad Faith.**

Prudential acknowledges its mistake in failing to respond to the Garnishment Summons, and in mistakenly distributing monies from the annuity to the Judgment Debtor during the garnishment period.  Nevertheless, Prudential submits that the Judgment Debtor acted in bad faith and in violation of his duties as a fiduciary in bankruptcy when he sought and accepted monies from Prudential that he knew or should have known were subject to garnishment and were part of the bankruptcy estate.  Indeed, the Judgment Debtor was aware the owner of the annuity passed away, was presumably served with the Garnishment Summons in or around the same time as Prudential, made a claim to the proceeds of the annuity after the Garnishment Summons was issued and served, should have known the annuity was subject to garnishment, and failed to file an exemption to the Garnishment Summons.  Further, Judgment Debtor filed for bankruptcy on June 4, 2025 and 14 days later, on June 18, 2025, deposited the check from Prudential, apparently without disclosing the asset to the Trustee and with knowledge of Plaintiff's garnishment.

<u>Conclusion</u>

Prudential respectfully submits that its failure to respond to the garnishment summons was unintentional, and not the result of any willful conduct.  Under these circumstances, a finding of contempt or entry of judgment would be without basis and unfair.

Moreover, Prudential respectfully submits that Plaintiff has recourse against the Judgment Debtor for the debt owed to it by the Judgment Debtor, because it is a named creditor in the Judgment Debtor's bankruptcy proceedings and has entered its appearance in the bankruptcy proceedings, and Prudential understands the Judgment Debtor has the monies

321898299v.1

Prudential paid to him.  The bankruptcy court is the appropriate, exclusive forum for Plaintiff to

seek relief.  Plaintiff should not be permitted to "double dip" from Prudential in this matter and

Judgment Debtor in bankruptcy to recover the debt owed to it by Judgment Debtor.

 To the extent Plaintiff or the Court contests the sufficiency of Prudential's response to the

Court's Order or the Garnishment Summons, Prudential requests an evidentiary hearing pursuant

to Virginia code §§ 8.01–519 and/or 8.01-565.

 Wherefore, Prudential respectfully requests that the show cause order be dismissed.

Date: November 19, 2025     Respectfully submitted,

          /s/ *Samantha L. Brooks*
          Samantha L. Brooks (VSB No.
          91928)
          Steven DiBeneditto (VSB No.
          92888)
          SEYFARTH SHAW LLP
          975 F St. NW
          Washington, DC 20004
          (202) 828-3560 (telephone)
          (202) 641-9209 (facsimile)
          sbrooks@seyfarth.com
          sdibeneditto@seyfarth.com

          *Counsel for Garnishee The Prudential Insurance*
          *Company*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Response to Order to Show Cause was filed

and served via FedEx and via email this 19th day of November, 2025, to:


A. Charles Dean
Gross, Romanick, Dean & Desimone, P.C.
3975 University Drive, Suite 410
Fairfax, VA 22030
(703) 273-1400
adean@grddlaw.com
*Counsel for Judgment Creditor*

William D. Wides
Compton & Duling, PLC
12701 Marblestone Drive, Suite 350
Prince William, VA 22192
wdw@comptonduling.com
*Counsel for Judgment Debtor*


                                    */s/ Samantha L. Brooks*
                                    Samantha L. Brooks (VSB No.
                                    91928)
                                    SEYFARTH SHAW LLP
                                    975 F St. NW
                                    Washington, DC 20004
                                    (202) 828-3560 (telephone)
                                    (202) 641-9209 (facsimile)
                                    sbrooks@seyfarth.com