**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

In re:

Glyn Neal Owen                                                    Case No. 25−11132−KHK
                         Debtor.                                   Chapter 11

## APPLICATION BY COUNSEL FOR DEBTOR FOR FINAL COMPENSATION

Daniel M. Press and Chung & Press, P.C., attorneys for the Debtor herein, apply to the Court for an Order for allowance of attorneys' fees for professional services rendered to the Debtor and for reimbursement for actual and necessary costs incurred from the petition date, June 4, 2025, through the Effective of the Plan, July 9, 2026, pursuant to §§ 327 and 330 of the Bankruptcy Code and Bankruptcy Rule 2016, seeking compensation in the total amount of Thirty Three Thousand Six Hundred Sixty and 00/100 Dollars ($33,660.00), and reimbursement for out-of pocket expenses in the amount of Ninety Five and 10/100 Dollars ($95.10), for a total of $33,755.10, less a courtesy discount of $3151.35, for a total of $30,603.75, and in support thereof, state as follows:

1.      This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 1334 and 157. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. This application is a core proceeding within the meaning of 28 U.S.C. § 157.

2.      1.      On June 4, 2025, this case was commenced by the filing of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"). An

Daniel M. Press, VSB# 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
Counsel for Debtor

Application for Order Authorizing the Employment of Chung & Press, P.C. As Counsel for the Debtor and Debtor-In-Possession was filed that same day.

3.     As set forth in the Application for Employment and the Disclosure of Compensation filed with the petition, the undersigned law firm, Chung & Press, P.C., was retained on an hourly basis at a rate of $495 per hour for Daniel M. Press, plus actual costs, to be paid upon court approval.  Debtor paid a fee and cost advance of $9813.75 of which $2475.00 was applied to prepetition fees and $1738 for the filing fee, leaving $5603.75 in trust for application to fees and costs as approved.

4.     The only lawyer who billed time on this matter, as shown on the attached statement, is Daniel M. Press (DMP).  The rates charged are below those charged by comparably skilled practitioners in cases other than cases under Title 11.[1]

5.     This is an application for compensation for the period from the petition date, June 4, 2025, through the Effective Date of the Plan, July 8, 2026.   It is the first and final application filed by Debtor's counsel in this case.

6.     A detailed statement of the actual, necessary services rendered, time expended, and expenses incurred is attached hereto.  The total time as billed on the attached statements is 68.0 hours, which, at the aforementioned reduced hourly rate comes to $33,660.  The attached statements also include $95.10 in disbursements for actual and necessary expenses (postage, third-party copies at $0.15 or less/page, and parking charges at court) made by this law firm.  Disbursements were all billed at actual cost. Mileage, faxes, in-house copies and like expenses were not charged.

---

[1] Mr. Press presently bills at $595/hr., but because the agreement in this case was entered into before the increase, the old, lower rate still applies.

7. No payments have heretofore been made or promised, other than as described for prepetition services and the filing fee. No compensation has been or will be shared, and no agreement for sharing of compensation with regard to this case exists.

8. For the period covered by this application, Chung & Press performed services as follows:

(A) Case Administration: Chung & Press, PC represented the Debtor on issues related to case administration, including, but not limited to preparation and filing of schedules and statements, attendance at the initial debtor interview and 341 meeting, review of Court orders, compliance with US Trustee requirements and requests, and reviewing, advising the Debtor regarding, and filing monthly reports and other duties of the DIP; and overall strategy and management of the case. This category also includes issues with creditors and parties in interest (including a dispute with Prudential Insurance) that did not involve enough ongoing time to justify their own separate category.

The total time spent on this category is broken down as follows:

31.2 hours $15,444.00

(B) CGH Technology. This category involves disputes and resolution thereof with Debtor's major creditor, which involved ending an ongoing garnishment; extension of the automatic stay; a dischargeability complaint; objections to exemptions, and a motion for relief from stay regarding an alleged contempt issue. These matters resulted in a settlement agreement providing for a compromise allowing the use of arguably exempt funds to fund Debtor's plan, both to pay the secured claim (allowing Debtor to retain his home and other real estate free of CGH's judgment lien), and to pay a meaningful amount to priority and unsecured creditors.

The total time spent on this category is broken down as follows:

22 hours                 $10,890.00

(C)      Plan: Preparation and drafting of Debtor's Plan and Disclosure Statement, negotiations regarding the same, and hearings on the disclosure statement and confirmation of the plan.

The total time spent on this category is broken down as follows:

14.8  hours               $7326.00

TOTAL TIME: 68.0 hours,  $33,660.00

Additional time spent was not charged in an exercise of billing discretion. Counsel did not bill at all for many phone calls, texts or emails, nor for time spent getting "up to speed" on unfamiliar legal issues. Counsel bills proportionately for waiting and travel time when in court for multiple matters, and bills travel time at 50% of the actual time.   No time was billed for preparation of this fee application.

10.      Consideration of the factors set forth in Section 330(a)(3)(A) of the Code shows that the requested fee is appropriate.  The services provided were necessary to the successful administration of the case.  There was no duplication of services.  A review of the statement shows that the amount of time spent was reasonable, commensurate with the complexity, importance, and nature of the problems, tasks and issues addressed.  The rate charged ($495/hour) is lower than those charged by most attorneys of comparable skill and experience both in bankruptcy and non-bankruptcy matters.

11.      Courts frequently look to the "lodestar" formula in assessing attorneys' fees.  Under this approach, courts consider the number of hours of service reasonably devoted to the case, multiplied by the attorneys' reasonable rates. This sum may be

adjusted to reflect the characteristics of the particular case, and the reputation of the attorney. *See* e.g., *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 361 (D. D.C. 1983), *aff'd. in part rev'd in part*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021, 105 S. Ct. 3488 (1985).  Many courts frequently consider the specific lodestar factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and applied in bankruptcy cases in *In re First Colonial Corporation of America*, 544 F.2d 1291, 1298-99 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977). The Fourth Circuit Court of Appeals adopted these tests in *Barber v. Kimbrells, Inc.,* 577 F.2d 216, 226 (4th Cir.), *cert. denied*, 439 U.S. 934 (1978). In *Anderson v. Morris*, 658 F.2d 246, 249 (4th Cir. 1981), the Fourth Circuit held that the District Court should consider the lodestar approach, which encompasses the *Johnson* factors (a) and (e) as set forth below, and then adjust the fee on the basis of the remaining *Johnson* factors. The following are the *Johnson* factors:

(a) the time and labor required;

(b) the novelty and difficulty of the questions;

(c) the skill requisite to perform the legal service properly;

(d) the preclusion of other employment by the attorney due to acceptance of the case;

(e) the customary fee;

(f) whether the fee is fixed or contingent;

(g) time limitations imposed by the client or the circumstances;

(h) the amount involved and the results obtained;

(i) the experience, reputation, and ability of the attorneys;

(j) the "undesirability" of the case;

(k) the nature and length of the professional relationship with the client; and

(l) awards in similar cases.

*Johnson*, 488 F.2d at 717-19; *Barber* 577 F.2d at 226 n.28; *Anderson*, 658 F.2d at 248 n.2.

12.     Chung & Press, P.C. submits the following lodestar analysis in support of its request for allowance of fees and disbursements:

(a)     The time and labor required. The amount of time required to represent the Debtor in this case is reflected in the attached statement, and is certainly reasonable given the circumstances of the case.

(b)     Novelty and difficulty of the questions. This Chapter 11 case presented some potentially novel and/or difficult legal issues, including those related to the Prudential garnishment proceeding and the exemption under Virginia law of an inherited IRA.

(c)     The skill requisite to perform the legal service properly. Because of the experience of Debtor's counsel in handling matters of this nature, counsel exercised the skill requisite to perform these services properly, confirming the plan quickly without significant issues.

(d)     The preclusion of other employment by the firm due to acceptance of this case. This case has not conflicted Debtor's counsel out of other matters, but any case takes up a portion of the limited time available to counsel, diverting counsel's attention from other matters in which they

6

otherwise might have been involved to devote themselves to the competent representation of the Debtor.

(e)     The customary fee for similar work. Chung & Press submits that the fees sought herein are warranted, and are generally less than competitor fees in the local legal market for attorneys with comparable skill and experience with comparable practices.

(f)     Whether the fee is fixed or contingent.   The fees are sought based on a fixed hourly rate, but pursuant to the Code, all fees sought by professionals retained by a Debtor are subject to approval of this Court and the availability of funds, and thus are, to an extent, contingent.

(g)     Time limitations imposed by the client or circumstances. Chung & Press was not for the most part compelled to render legal services under unusual time constraints.

(h)     The amounts involved and the results obtained. This case involved a large judgment lien held by an aggressive and well-represented creditor.   Undersigned counsel obtained confirmation of a plan that is feasible and will allow the Debtor to retain his home and a portion of his retirement assets, while paying his secured and priority (tax) claims in full, and a meaningful amount to unsecured creditors.

(i)     Experience, reputation and ability of the attorneys. Daniel M. Press has previously represented debtors, secured and unsecured creditors, bidders, trustees, and other interested parties in all aspects of bankruptcy and commercial litigation proceedings.   Mr. Press has

practiced bankruptcy law for over 35 years. He is an experienced bankruptcy practitioner.  Mr. Press' experience, reputation and ability have been recognized by his election to the Board of the National Association of Consumer Bankruptcy Attorneys ("NACBA") and as president of the Northern Virginia Bankruptcy Bar Association ("NVBBA") and Consumer Bankruptcy Section of the Maryland State Bar Association ("MSBA"). He has also served as the Education Director of the Consumer Committee of the American Bankruptcy Institute, and has been invited to speak and teach continuing legal education programs on bankruptcy topics, and in particular on Chapter 11 and Subchapter V for small businesses and individual debtors, for the MSBA, MICPEL, NVBBA, the Bankruptcy Bar Association for the District of Maryland ("BBA"), NACBA, the Virginia Bar Association, the North Carolina and West Virginia Bars, Virginia CLE, and Minnesota CLE.  He and his colleague, Brett Weiss, are the authors of Chapter 11 for Individual Debtors, a Collier Monograph, published by Collier/Lexis-Nexis, and articles in publications such as the ABI Journal, and teach "Boot Camps" on individual and small business Chapter 11 cases.   Mr. Press' reputation is well established in the Baltimore/Washington metropolitan area and nationwide as an effective practitioner.

(j)     The "undesirability" of the case. This case was somewhat undesirable due to the small retainer available and the aggressive creditor with liens

8

encumbering all of Debtor's non-exempt assets, and claims to his exempt retirement assets.

(k)     The nature and length of the firm's professional relationship with the client. Chung & Press was retained by the Debtor shortly before filing the case.   It had no prior relationship with the Debtor or its principal.

(l)     Awards made in similar cases. Chung & Press submits that its request for compensation is well within, if not below, the usual and customary awards granted in similar cases.

13.     Detailed daily time records setting forth the tasks performed and the time spent thereon are attached hereto.

14.     The affidavit of Daniel M. Press in support of this application is attached hereto.

15.     The expenses for which reimbursement is sought are set forth in the attached invoice and were actual and necessary.  Chung & Press, P.C. submits that the expenses are reasonable and economical and are customarily charged to non-bankruptcy clients of the applicant.  Many actual expenses were not charged.

WHEREFORE, Chung & Press, P.C. prays for the entry of an Order approving final compensation as a Chapter 11 administrative expense in the amount of $33,660.00, and reimbursement for out-of pocket expenses in the amount of $95.10, for a total of $33,755.10, less

9

a courtesy discount of $3151.35, for a total of $30,603.75, with $5603.75 to be paid from the fee advance and with the balance of $25,000 to be paid by the Debtor as an administrative expense.

Dated: July 20, 2026.

Respectfully submitted,

 /s/ Daniel M. Press
Daniel M. Press, VSB 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
dpress@chung-press.com

DECLARATION UNDER PENALTY OF PERJURY

I, Daniel M. Press, a member of the bar of this Court, declare under penalty of perjury that the statements in the foregoing Application and attached statements of services rendered are true and correct, and that the items listed on the attached statements were services actually and necessarily rendered and expenses actually and necessarily incurred. No understanding or agreement exists between this law firm and any other person for a sharing of compensation received or to be received in connection with this case.  No previous application for the relief requested herein has been submitted to this or any other court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of July, 2026.


_/s/ Daniel M. Press_____
Daniel M. Press

**CERTIFICATE OF SERVICE**

This is to certify that on this 20th day of July, 2026, I caused the foregoing document to be served on the Debtor by email and first class mail, and by CM/ECF on the US Trustee and all persons requesting notice by CM/ECF.


_/s/ Daniel M. Press_____
Daniel M. Press

11